STATE *v.* LEE.

(*Knoxville.*　　October　28, 1888.)

1. CRIMINAL LAW. *Inquisitorial power of grand jury.　Riot.*
   Grand juries have no inquisitorial power touching the offense of riot.
   (See State *v.* Lewis, *post* p. 119.)

2. SAME. *Same.　Same.　Plea in abatement.*
   A plea in abatement is sufficient, which avers that a presentment for
   riot was not found on *knowledge* of the grand jurors, but upon testi-
   mony of witnesses called by the jury on the assumption that they had
   inquisitorial power; although it does not negative, *in express terms,*
   that the jury may have proceeded upon *information* and *belief,* under
   § 5906 (M. & V.) Code.
   Code cited: §§ 5903, 5906 (M. & V.); §§ 5078, 5081 (T. & S.).

---

FROM KNOX.

---

Appeal in error from Criminal Court of Knox
County.　H. R. GIBSON, Ch., sitting by interchange.

Attorney-General PICKLE for State.

D. D. ANDERSON for Lee.

CALDWELL, J.　This is a presentment for riot.

The defendant filed a plea in abatement, and
the State demurred to the plea.

The Court overruled the demurrer; and, upon
the failure of the State to take issue on the plea
or make any further answer thereto, the action
was abated and the prisoner discharged.

State *v.* Lee.

The State has appealed in error.

The plea avers, in substance, that the present-ment was not found upon the knowledge of the grand jury, or any member of that body; but that it was found upon the testimony of witnesses sent for and examined by the grand jury, upon the assumption of inquisitorial power, when, in reality, no such power existed with respect to the offense charged.

The general grounds of demurrer may be held to assert that it will be presumed that the pre-sentment was found upon the knowledge of the members of the grand jury from the fact that no prosecutor was marked upon the presentment; and *secondly*, that the plea is insufficient upon its face.

Confessedly, the grand jury may, on the knowl-edge of the body, or any of its members, present a person for engaging in a riot, and when the presentment is so found a prosecutor is not neces-sary; but it by no means follows, as a conclusion of law, from the absence of a prosecutor, that the presentment, in this case, was found upon the knowledge of the grand jurors. No presumption that it was so found can be indulged against the averments in the plea to the contrary. Hence the first ground of demurrer is not well taken.

The other contention is that the plea is insuffi-cient, because it fails to negative the assumption that the grand jury may have proceeded upon the *belief* of a juror.

The argument of the Attorney-General, as we understand it, is that a presentment may be law-

fully made in cases other than those in which the inquisitorial power exists, either when any member of the grand jury has *knowledge* of an offense, or when he *believes*, an offense has been committed; and that the plea, in the case at bar, only denies that the presentment was based upon such *knowledge*, and does not deny that it was based upon such *belief*, and that therefore the plea is bad.

The language of the statute is: "If a member of the grand jury *knows* or *has reason to believe* that a public offense, indictable or triable in the county, has been committed, he shall declare the same to his fellow-jurors, who shall thereupon investigate it." Code (M. & V.), 5906.

Manifestly this enactment makes it the duty of each member of the grand jury to inform that body not only of such public offenses as may have come within his personal observation, but also of such as he has reason to believe has been committed in their jurisdiction; and in either case, it is the duty of the grand jury to "investigate" the question.

And if, upon such investigation, the grand jurors become satisfied that the offense has been committed, it then becomes their duty to present it to the Court. Code, 5903. They are sworn to do so. Code, 4797, 4798.

The extent of this investigation, however, is not unlimited in all cases. It is to be determined by the offense itself, and the law relating thereto. If it is an offense of which the Legislature has given

the grand jury inquisitorial power, witnesses may be sent for and examined, and upon their testimony a presentment may be based; but if it is an offense, with respect to which inquisitorial power has not been specially granted by statute, the investigation must be confined to the grand jurors themselves, and in such case they can make a lawful presentment only upon knowledge or information possessed within themselves.

The words of the statute, "knows or has reason to believe," are equivalent to *has knowledge or information.*

Then, under this interpretation of the statute, the position of the Attorney-General reduces itself to this: That the plea is bad because it does not negative the fact that the presentment may have been found upon the *information* of some member of the grand jury.

If there were but the one averment in the plea—namely, that the presentment was not found upon the *knowledge* of any member of the grand jury—the position would unquestionably be well taken; but there is another averment in the plea which *does* contain the negation wanting in the averment just mentioned. That other averment is, that the presentment was found *upon the testimony of witnesses sent for and examined by the grand jury,* under the mistaken notion that the inquisitorial power embraced this offense.

The averment that the presentment was based upon the testimony of such witnesses, by necessary

State *v.* Lee.

implication, excludes the possibility that it was based upon the information of any member or members of the grand jury.

The inquisitorial power of the grand jury was unknown to the common law, and it exists in this State, with respect to any given offense, only when expressly conferred by statute. The offense charged in the presentment before us, not having been embraced in any statute conferring such power, cannot, therefore, be lawfully presented upon the testimony of witnesses called and examined under a mistaken assumption of the existence of such power.

The plea is a good one.

Let the judgment be affirmed, with costs.