## STATE *v.* DAVIDSON.

### (*Nashville,* December Term, 1936.)

Opinion filed February 13, 1937.

W. F. BARRY, JR., Assistant Attorney-General, for the State.

J. C. FLEMING, JR., of Columbia, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is an appeal from the order of the court below quashing a presentment against the defendant Davidson which charged him with a felonious assault on one Bill Fitzpatrick. The trial judge felt constrained to the action taken on authority of a previous decision of this court holding that a prosecution for the offense named could not be made upon presentment, but that such a

prosecution must be upon indictment with the prosecutor named.

Prior to the adoption of the Code of 1932, the result reached in the lower court would have been correct, had the presentment been found on the testimony of witnesses. The State insists, however, that the Code of 1932 widened the scope of offenses subject to prosecution upon presentment and we are asked to re-examine our opinion in *State of Tennessee* v. *Mike Kennedy*,[1] filed July 3, 1936.

A consideration of the nature of an indictment and the nature of a presentment and of the differences between the two forms of accusation will perhaps be helpful.

An indictment is a formal written accusation, charging one or more persons with a crime, drawn up and submitted to a grand jury by the public prosecuting attorney, investigated and adopted by that body, and presented upon oath by them to the court. No bill of indictment may be sent to the grand jury in this State without the sanction and approbation of the Attorney-General proved by his signature on some part of the indictment. *Campbell* v. *State*, 17 Tenn. (9 Yerg.), 333, 30 Am. Dec., 417; *Foute* v. *State*, 4 Tenn. (3 Hayw.), 98; *Bennett* v. *State*, 8 Tenn. (Mart. & Y.), 133; *Hite* v. *State*, 17 Tenn. (9 Yerg.), 198; *Teas* v. *State*, 26 Tenn. (7 Humph.), 174; *State* v. *Lockett*, 50 Tenn. (3 Heisk.), 274; *State* v. *Myers*, 85 Tenn., 203, 5 S. W., 377.

Section 11602 of the Code provides that ''No district attorney shall prefer a bill of indictment to the grand jury without a prosecutor marked thereon, unless other-

---

[1] No opinion for publication.

wise expressly provided by law." This section of the Code is based on chapter 30 of the Acts of 1801.

Section 11603 of the Code provides "But a prosecutor is dispensed with, and the district attorney may file bills of indictment, officially, and without a prosecutor marked on the same, in the following cases." Some twenty-two cases are then enumerated as exceptions to section 11603.

A presentment, as that form of accusation is employed in Tennessee, is well described in *State* v. *Darnal,* 20 Tenn. (1 Humph.), 290. In that case the court said:

"The presentment is in the form of a bill of indictment, and is signed individually by the grand jurors who returned it. In England, as we have had occasion heretofore to observe, an offender never was put upon trial upon a presentment, but on a return of a presentment by the grand jury, which was merely an informal information of the offence having been committed, the attorney-general prepared a bill of indictment thereon, stating an offence in legal and technical form, and upon this the person charged was put upon his trial. But such has not been the practice in the State of Tennessee. Here, when the grand jury, or any one of their body, is cognizant of an offence, the practice is to inform the attorney-general thereof in the first instance, who prepares a bill of indictment upon the information, which is delivered to the grand jury and is by them returned, instead of the old informal presentment; the consequence is that the only difference between a presentment thus made and a bill of indictment is, that the presentment is signed by all the jurors and the bill of indictment only by the foreman. This will explain why the presentment in this case is in the form of a bill of indictment."

The presentment in the case before us is altogether

similar to the presentment in the case of *State* v. *Darnal*, referred to just above.

In *Smith* v. *State*, 20 Tenn. (1 Humph.), 396, a prosecution for public drunkenness, the court said:

"It is objected that the defendant was put upon his trial upon the presentment of the grand jury instead of an indictment. This practice has been so long followed in this State that it is now too late to question its legality, although it may not be sanctioned by established principles."

In *Glenn* v. *State*, 31 Tenn. (1 Swan), 19, the court said: "The mode of prosecution, by presentment, both in cases of crimes and misdemeanors, is as legitimate, and as fully recognized, by the common law and by the Constitution of this State, as is that by indictment."

As noted in *State* v. *Darnal, supra,* at common law presentments were only returned as to offenses of which the grand jury, or some of their body, were cognizant. At common law the grand jury had no inquisitorial power. *State* v. *Wilson,* 115 Tenn., 725, 91 S. W., 195.

At an early date in this State, acts of the Legislature began to confer inquisitorial power upon the grand jury with respect to certain offenses. From time to time, by different acts, the inquisitorial power of this body was extended to the investigation of other offenses. At the time of the publication of Mr. Shannon's Code or Compilation it was provided (Shannon's Code, sec. 7046) that "The grand jury shall send for witnesses whenever they, or any of them, suspect a violation of the laws against"—some thirty enumerated offenses.

After the passage of the acts conferring inquisitorial power upon the grand jury, with respect to particular offenses, the law stood thus:

352

"[If] it is an offense of which the legislature has given the grand jury inquisitorial power, witnesses may be sent for and examined, and upon their testimony a presentment may be based; but if it is an offense with respect to which inquisitorial power has not been specially granted by statute, the investigation must be confined to the grand jurors themselves, and in such case they can make a lawful presentment only upon knowledge or information possessed within themselves." *State* v. *Lee,* 87 Tenn., 114, 9 S. W., 425, 427.

The Code of 1932 contains a new section, 11582, as follows:

"The grand jury shall have inquisitorial powers over all indictable or presentable offenses committed or triable within the county."

Instead of section 7046 of Shannon's Code providing that "The grand jury shall send for witnesses whenever they, or any of them, suspect a violation of the laws against"—thirty enumerated offenses, section 11592 of the Code provides that "The grand jury shall send for witnesses whenever they, or any of them, suspect that an indictable offense has been committed."

■■ It was well established before the Code of 1932 that the grand jury might present upon examination of witnesses for any offense respecting which they had inquisitorial power. The two sections of the Code of 1932 just quoted give to the grand jury inquisitorial power with respect to every offense. In enacting the Code of 1932, the Legislature made the changes noted with respect to the inquisitorial power of the grand jury with the decisions of this court before them. It is impossible to avoid the conclusion that the design of the Code of 1932 was to make all offenses subject to prosecution upon presentment.

This conclusion is confirmed by Judge Williams' note under section 11592 of his annotated edition of the 1932 Code. He refers to *State* v. *Wilson,* 115 Tenn., 725, 91 S. W., 195, in which it was held that a prosecution for perjury could not be had upon a presentment based on the testimony of witnesses because the grand jury was without inquisitorial power respecting that offense. The note is (our italics) *"Under the law of 1906,* it was held that the grand jury was without inquisitorial power in cases of perjury."

As heretofore seen, the court held in *Glenn* v. *State,* 31 Tenn. (1 Swan), 19, that prosecution by presentment and prosecution by indictment "both in cases of crimes and misdemeanors, is . . . fully recognized, by the common law, and by the Constitution of this State." For instance, a presentment for riot, an offense with respect to which the grand jury had no inquisitorial power, was held good, the court treating the presentment as having been found on the knowledge of the grand jurors. *State* v. *Lewis,* 87 Tenn., 119, 9 S. W., 427.

There could have been no reason for conferring inquisitorial power on the grand jury as to all offenses except to enable that body to present all offenses. The grand jury had power previous to the Code of 1932 to present all offenses within their cognizance.

It is true that under section 11602 of the Code no indictment could have been preferred for felonious assault without a prosecutor marked thereon, felonious assault not being one of the offenses for which the district attorney might file a bill of indictment officially. Section 11602 and section 11603 of the Code, however, relate to indictments, not to presentments. Perhaps it was bad policy to make all offenses subject to prosecution by

presentment, with no prosecutor named. But the court cannot pass on the policy of the change. At any rate, the question of policy is debatable. Commenting on its ruling that a presentment based on the knowledge of a member of the grand jury need not disclose the identity of that member, the court said:

"No man likes to stand in the attitude of an informer; it is at all times an unenviable situation, and very frequently one of danger. But it will be asked, if it need not appear that the presentment has been returned upon the personal knowledge of some one of the grand jury, what safety has the person charged against an illegal presentment. The answer is in the integrity of the jury and the oath they have taken to present offenders according to law." *State* v. *Darnal, supra.*

As noted in *State* v. *Darnal, supra,* a presentment is signed by all the grand jurors. An indictment is signed by the foreman only. Men are quite generally more cautious about statements or accusations made over their signatures than those made otherwise. The lawmakers doubtless thought that no ill-considered or frivolous charge was likely to be subscribed by all the members of a grand jury and for this reason permitted presentment without a prosecutor, while, in most cases, requiring a prosecutor for indictment.

The judgment of the court below must be reversed, for the reasons stated, and the case remanded for further proceedings.

### DISSENTING OPINION.

MR. JUSTICE COOK delivered the dissenting opinion.

One purpose of requiring a prosecutor is to identify him so that upon malicious and frivolous prosecutions

he may be subjected to taxation of costs and to action for malicious prosecution.

Where crime is shown and none appear to prosecute, the law substitutes for a prosecutor the authority of the grand jury to file a presentment under section 11603, subsection 1, of the Code, or action by the district attorney under subsection 9.

Section 11582 of the Code does not dispense with the requirement of a prosecutor or the alternative requirement under section 11603, subsecs. 1 and 9. It does no more than extend the inquisitorial power of the grand jury to all offenses. That merely means the power to inquire, and beyond that to observe the requirement of other provisions of the Code, among them the requirement for a prosecutor upon indictments or the alternative, official action. That section means that the grand jury may send for witnesses. It confers no power to informally present felonies with the same indifference that misdemeanor charges are made by the grand jury.

The power to institute prosecutions by presentments as a substitute for indictments is antagonistic to the common law and the power should not be extended beyond express statutory provisions. *Glenn* v. *State,* 31 Tenn. (1 Swan), 19.

Moreover, in construing section 11582 of the Code, it must be supposed that the Legislature did not intend to change, but to only revise and compile, existing statutes; and statutes in existence prior to the Code of 1932, as well as other provisions of the later Code, must be looked to in determining the legislative intent. *State* v. *Wilson,* 115 Tenn., 725, 91 S. W., 195.

When sections 11600, 11602, 11603, 11604 and others, brought into the Code from previous acts, are considered,

it cannot be inferred that the Legislature intended to deprive citizens of protection from a malicious prosecution initiated through the agency of an invisible informant. On the contrary, it seems that these provisions express a contrary intent, that is, the intent that prosecution in felonies shall be upon indictment by a prosecutor.