STANLEY *et al. v.* STATE.

(*Jackson*, April Term, 1937.)

Opinion filed May 1, 1937.

408

Harry G. Nichol, of Nashville, for plaintiffs in error.

W. F. Barry, Jr., Assistant Attorney-General, for the State.

410

Mr. Justice Cook delivered the opinion of the Court.

Plaintiffs in error, referred to as defendants, were charged in separate counts of the accusation (1) with conspiracy to procure the fraudulent registration of voters, and (2) with fraudulently procuring such registrations contrary to sections 1996-2026 of the Code.

The jury convicted on both counts and assessed punishment under the first count at a fine of $500 and under the second at a fine of $50. The trial judge added by way of additional punishment six months' imprisonment under the first count and thirty days' imprisonment under the second, and accordingly entered judgment with a proviso that the punishment should be cumulative.

■ Upon defendants' motion in arrest or for correction of the judgment, a correction was made. The trial judge eliminated the fines of $50 and thirty days imposed upon defendants under the second count, but left in force the punishment referable to the first count. That was proper. See *Patmore v. State,* 152 Tenn., 281, 277 S. W., 892; *Dowdy v. State,* 158 Tenn., 364, 13 S. W. (2d), 794.

The defendants then paid the costs and applied for a parole under section 11797 of the Code (Pub. Acts, 1931, chap. 76). Upon that application the trial judge suspended $400 of the $500 fine assessed against each defendant. Then the defendants prayed an appeal in the nature of a writ of error to review the conviction, which the trial judge refused to grant, for the reason that payment of costs and acceptance of the relief granted upon their application amounted to waiver of the right of appeal. Defendants then moved to withdraw the application for clemency, which was allowed, and the court entered judgment reinstating the $500 fine and the six

months' imprisonment against each defendant, and the defendants renewed their prayer for appeal, which was granted.

The evidence and proceedings upon the trial before the jury are not preserved by a bill of exceptions. The cause is here upon the technical record and assignments of error. Through assignments of error it is insisted that the conviction should be reversed for error:

First. In refusing to sustain the defendants' plea in abatement to the indictment, because (1) not signed by the district attorney, (2) presented without a prosecutor, (3) not grounded upon knowledge of the grand jury or a member, and (4) not presented through an exercise of the inquisitorial power of the grand jury.

Second. In refusing to require the district attorney to file a bill of particulars.

Third. In refusing to require the district attorney to give defendants a list of the State's witnesses.

Fourth. In refusing to relate the punishment to the second count of the indictment instead of the first.

Fifth. In requiring defendants to withdraw their application for mitigation of punishment as a condition to granting their appeal.

The State insists that the accusation is a valid presentment made by the grand jury in the exercise of their inquisitorial power; and that the presentment is sufficient because signed by the foreman and all other jurors and was formally presented in open court. Defendants say it is void whether an indictment or presentment, because if an indictment it was not signed by the district attorney and bears no name of a prosecutor. If a presentment, it was not founded upon knowledge of the grand jury or some of them and they could not hear

witnesses and ground their formal accusation by presentment upon evidence thus procured.

In *State* v. *Davidson*, 171 Tenn., 347, 103 S. W. (2d), 22, opinion filed February 13, 1937, for publication, section 11582 and related sections of the Code of 1932 were construed to confer inquistorial power upon the grand jury over all crimes and misdemeanors, so that now the grand jury may make formal accusation by presentment upon the testimony of witnesses. This would seem to meet defendants' assignment which challenges the validity of the accusation, but beyond that section 11603 of the Code expressly confers inquisitorial power upon the grand jury over all violations of laws enacted to preserve the purity of elections. In such cases the grand jury could, even before the Code of 1932, present offenses against the election laws without the intervention of a prosecutor and upon testimony of witnesses summoned upon their order.

Examination of the record sustains the insistence of the State that the accusation was made by a valid presentment.

By statute and judicial holdings, the accusation, either by indictment or presentment, must be sufficient in its statements and charges to advise the person accused of the offense with which he is charged so as to enable him to make defense. If the accusation does not meet that requirement, then under our practice it may be quashed on motion of the defendant. An insufficient indictment or presentment cannot be cured by a bill of particulars. That practice is unknown to our criminal procedure. The trial judge committed no error in refusing to require the district attorney to enlarge the presentment of twelve pages by additional statements.

██ ██ Referring to the complaint that the trial judge erred in refusing to require the district attorney to supply the defendants with a list of the State's witnesses, it is sufficient to say that the names and addresses of twelve witnesses who were sworn to testify before the grand jury are indorsed on the presentment. This knowledge was available to defendants and met the requirement of the statute, section 11599 of the Code.

In the absence of a statute requiring it, the State is not bound to furnish the defendant with the names of witnesses beyond those indorsed on the presentment. 15 Rose's Notes, 1189. There is no such statute in this State. Moreover, it does not appear that the defendants were prejudiced by any failure of the State to furnish names of witnesses other than those named on the indictment, or that the defendants were surprised by the introduction of witnesses summoned subsequent to the presentment. Without prejudice there can be no complaint. *Eason* v. *State,* 65 Tenn. (6 Baxt.), 431.

██ ██ When the trial judge corrected the erroneous judgment by fixing a single punishment and relating it to the first count of the indictment, he corrected the error. There is no merit in defendants' contention that he should have related it to the second count of the indictment because that charges a higher offense. The offenses charged in the two counts are in substance the same, the first being an accusation of a conspiracy to consummate the offense charged in the second count. Reversible error cannot be predicated upon the action of the jury and the trial judge in assessing punishment under the first count at a $500 fine and six months' imprisonment.

██ Chapter 76, Pub. Acts, 1931, carried into the Code at section 11797, is intended to afford relief up-

on final judgment. The statute confers the power of parole or suspension of sentence upon the trial judge only after a plea of guilty or a conviction before a jury, which presupposes finality. That is indicated by the further requirement that clemency can be exercised only upon the defendants paying or securing the costs. The act does not authorize the application pending appeal and it is not open to review on appeal. The trial judge committed no error in refusing to grant the appeal until after the application for clemency was withdrawn.

■ We find no prejudicial error. The conviction must be affirmed. But inasmuch as the trial judge expressed the purpose to mitigate the punishment, upon defendants' application made before appeal, the cause will be remanded so that the trial judge may, at his discretion, grant defendants relief by parole under section 11797 of the Code, or by reduction of the fines under section 11813 of the Code.

Affirmed and remanded.

### On Petition to Rehear.

The cause is here upon petition for rehearing. It is insisted that the trial judge erred in refusing to hear evidence to support a ground of the plea in abatement challenging the presentment because made upon testimony of witnesses summoned by order of the district attorney instead of upon testimony of witnesses sent for by the grand jury.

We did not discuss this question in the opinion filed, because in cases where the grand jury may present an accusation by exercise of its inquisitorial power, the mechanical process by which the witnesses were brought in to testify before the grand jury seemed immaterial.

 By the common law, a "presentment" was nothing more than information upon which the Attorney-General might, in his discretion, formulate an indictment for action by the grand jury. By procedural development and through statutes the grand jury may now make accusation by presentment instead of indictment. *Smith* v. *State,* 20 Tenn. (1 Humph.), 396; *State v. Hunter,* 24 Tenn. (5 Humph.), 597; *State* v. *Davidson,* 171 Tenn., 347, 103 S. W. (2d), 22.

 Code, section 11582 and section 11592, which confer broad inquisitorial power upon the grand jury, and authorizing that body to send for witnesses, do not circumscribe the source of evidence upon which the grand jury may accuse by presentment. The old formality requiring examination of witnesses upon an indictment sent in by the district attorney does not apply to presentments, so that now the grand jury may proceed either upon their own knowledge, or upon evidence obtained by the examination of witnesses and inquire for themselves whether a crime has been committed. The grand jury may make a presentment upon evidence of witnesses. It would be a rather narrow distinction to say that the grand jury can only present offenses upon the testimony of witnesses summoned upon its order and that a presentment would be void if found upon evidence of witnesses who voluntarily appeared before the grand jury or were summoned upon order of the district attorney.

 Section 11595 of the Code confers power upon the district attorney to order the clerk to summon witnesses in vacation, but we find no statute conferring the power upon the district attorney to order witnesses sum-

moned during the term of court. The statutes no doubt contemplate that while the grand jury is in session witnesses desired will be summoned by order of the foreman of the grand jury. The grand jury is not an agency of the district attorney or of the court. Under our system it is an agency of the government and may act independently of the court and district attorney. The grand jury might refuse to hear witnesses brought before it by order of the district attorney but if instead of refusing it examined the witnesses and upon the testimony of such witnesses found that an offense had been in fact committed, we can conceive of no reason to justify a holding that a presentment so made is void.

Upon questions of taxation of costs or in complaints of contempt made by the grand jury, the unauthorized action of the district attorney in summoning witnesses during term time might be challenged, as was done in *Warner* v. *State,* 81 Tenn. (13·Lea), 52, 54.

Rehearing denied.