CRUMLEY *v.* STATE.

(*Knoxville,* September Term, 1943.)

Opinion filed October 16, 1943.

CHAS. C. GUINN, of Benton, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General for the State.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The defendant below, Nick Crumley, was convicted of driving a car while under the influence of an intoxicant and his punishment fixed at a fine of ten dollars, and he has appealed in error here.

The record discloses that two Deputy Sheriffs of Polk County arrested the defendant while driving on one of the highways of the county. One of the officers testified that he was driving about seventy-five miles an hour. The officer who arrested him testified that he was drunk and that he could smell alcohol on him. The other officer testified that he smelled beer or something on him, although this officer testified that he did not see the defendant do anything except driving fast.

The defendant denied that he was drunk or had been drinking. A minister, who was conducting religious services in the jail when the defendant was brought in, testified that he talked to the defendant as the latter was sitting on the floor and the witness was standing above him and that he did not smell the odor of either whisky or beer and that he could not say whether or not defendant was drunk.

We cannot say under this proof that the evidence preponderates against the verdict, and the first assignment of error is overruled.

It is next assigned as error that the trial court erred in not quashing the presentment against the defendant because the same did not bear the signature of the district

attorney general. It is insisted that the signature of the attorney general is necessary to make the presentment a valid instrument.

It might be observed that prior to the adoption of the 1932 Code the grand jury had inquisitorial powers in certain cases. By Section 11582 of the Code the grand jury is given inquisitorial powers over all indictable or presentable offenses committed or triable within the county. If the Legislature has the power to confer upon grand juries inquisitorial powers in certain cases, then we see no reason why it cannot confer such powers in all cases.

In *State* v. *Davidson*, 171 Tenn., 347, 349, 103 S. W. (2d), 22, 23, it is said:

"An indictment is a formal written accusation, charging one or more persons with a crime, drawn up and submitted to a grand jury by the public prosecuting attorney, investigated and adopted by that body, and presented upon oath by them to the court. No bill of indictment may be sent to the grand jury in this State without the sanction and approbation of the Attorney General proved by his signature on some part of the indictment. *Campbell* v. *State*, 17 Tenn., 333, 30 Am. Dec., 417; *Foute* v. *State*, 4 Tenn., 98; *Bennett* v. *State*, 8 Tenn., 133; *Hite* v. *State*, 17 Tenn., 198; *Teas* v. *State*, 26 Tenn., 174; *State* v. *Lockett*, 50 Tenn., 274; *State* v. *Myers*, 85 Tenn., 203, 5 S. W., 377."

In the case of indictments the witnesses appear before the attorney general, while in the case of presentments they first go before the grand jury. Now, since the grand jury has inquisitorial powers over all offenses in this State, we see no good reason why the signature of

the attorney general is required. See *Stanley et al.* v. *State*, 171 Tenn., 406, 411, 104 S. W. (2d), 819.

In the unreported case of *Hembree* v. *State*, Roane Criminal, memorandum opinion filed October 13, 1928, the Court said:

"The difference between an indictment and a presentment is well stated on the reply brief filed by the State, and this Court was uniformly recognized and approved the rule stated in *Garret* v. *State*, 9 Yerg., 389, that a presentment is sufficiently authenticated by the signature of the members of the grand jury. Presumably, a presentment is not seen by the attorney general until after it has been returned in open court by the grand jury, and we can find no decision of this Court holding that it is necessary or proper for the attorney general to sign a presentment."

We think, therefore, that in the case of a presentment it is not necessary for the attorney general to affix his signature.

It results that the second assignment of error is overruled and the judgment of the lower court is affirmed.