GLEN ALLEN and HENRY JONES v. STATE OF TENNESSEE.

(*Nashville,* December Term, 1955.)

Opinion filed March 9, 1956.

W. C. Anderson, of Gainesboro, for plaintiff in error.

Nat Tipton, Advocate General, for the State.

Mr. Chief Justice Neil delivered the opinion of the Court.

The sole question made on this appeal is that the trial judge was in error in refusing to sustain the defendants' motion in arrest of judgment following their conviction.

The defendants were put to trial upon separate presentments, each being in identical language, as follows:

"Glen Allen, heretofore on or about the 19 day of February 1955, in the County and State aforesaid and within twelve months next before the finding of this presentment, did unlawfully, and falsely, assume to be a peace officer of said County and State, without being legally qualified as such, by stopping motorists on the public highways of said County,

and demanding to be allowed to inspect Drivers License against the peace and dignity of the State."

The jury returned their verdict as follows, "that they find the defendants guilty as charged". The punishment imposed is not material in the consideration of the legal question posed by the assignments of error.

Counsel for the defendants moved the court to arrest the judgment upon the following grounds:

1. "The respective presentments were not and are not, signed by the Attorney General, nor does his name appear any place on either of said presentments.

2. "The presentments and each of them fail to state what particular officer the defendants, and each of them, assumed to be."

█ The motion was overruled, and defendants appealed. The trial judge was not in error in overruling the first ground of the motion. *Crumley* v. *State,* 180 Tenn. 303, 174 S. W. (2d) 572.

Coming now to the second ground of the motion, the State thinks the question as to the sufficiency of the indictment came too late. The following response by the State to the point at issue appears on the brief, as follows:

"Likewise, the State thinks the case of Whim v. State, 117 Tenn. 94 [94 S. W. 674], disposes of their second contention. The objections made on behalf of the plaintiffs in error might have been serious had they been presented by way of demurrer or motion to quash but the State thinks that after verdict, *they came too late as having been cured by such verdict."* (Emphasis supplied.)

Counsel for the defendants rely upon *Memphis St. Ry. Co.* v. *Flood,* 122 Tenn. 56, 113 S. W. 384, 385, in support of their assignments of error. In this case the

civil warrant against the railroad was that the defendant appear and answer the plaintiff " 'in a plea of damages under $500.00.' " The Court held:

"The warrant issued by a justice of the peace in a civil action must contain some general and brief statement of the plaintiff's cause of action sufficient to give the defendant reasonable notice of the general nature and character of the demand he is called upon to answer, so that he may not be misled in preparing his defense."

"Amendments to legal proceedings cannot be made by oral statements. Nor did the defendant waive the defect by going to trial without making a motion to quash the warrant. It is well settled that in an original action brought in the circuit court, if the declaration fail to state a cause of action, the defendant after verdict may move in arrest of judgment, although he may have filed any number of pleas, provided the defect is not supplied by new matter plead by him. If the rule was otherwise, judgment could not be arrested in any case. This is evident from the mere statement of the proposition."

We think the ruling of the Court does not control the case at bar. The presentment against each of these defendants gave notice of the offense of unlawfully stopping motorists upon the public highway to examine Drivers' Licenses under the pretense that they were peace officers. Surely they knew what they had to defend. While these presentments were lacking in charging that the defendants were pretending, or assuming, to act as a constable, deputy sheriff, or highway patrolman, and doubtless should have been so specified, it was such a defect that was impliedly waived by going to trial under a plea of the general issue of not guilty. If not

waived the defect was cured by the verdict of the jury. Moreover, the defendants were not prejudiced by the alleged defect. They were acting without lawful authority regardless of whether they assumed to be a certain named peace officer. If deemed essential to conviction that the fact be proved, "it must be presumed, after verdict, to have been proved". *Whim* v. *State,* supra [117 Tenn. 94, 94 S. W. 675].

The case is before us on the technical record and hence there is no evidence to be considered.

The assignments of error are overruled, and the judgment of the trial court is affirmed.