**Howard PENLEY and Robert Brumley,**
**Plaintiffs in Error,**

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Nov. 29, 1972.

Certiorari Denied by Supreme Court
Feb. 20, 1973.

W. E. Bowman, Jr., and John K. Wilson,
Greeneville, for plaintiffs in error.

David M. Pack, Atty. Gen., and R. Jackson Rose, Asst. Atty. Gen., Nashville, Heiskell H. Winstead, Dist. Atty. Gen., Rogersville, for defendant in error.

OPINION

OLIVER, Judge.

Penley and Brumley appealed their Greene County third degree burglary convictions and three-year penitentiary sentences to this Court. We affirmed on September 23, 1971 and the Supreme Court denied certiorari on December 20, 1971. (Brumley v. State, Tenn.Crim.App., 475 S.W.2d 180.) The record of that case, which we may notice judicially (State ex rel. Leighton v. Henderson, 1 Tenn.Cr. App. 598, 615, 448 S.W.2d 82), shows that our Supreme Court's procedendo issued to the trial court on January 12, 1972, during the term of the Greene County Criminal Court which began on January 10, 1972 (T.C.A. § 16-235).

On June 20, 1972, after the January term of the Greene County Criminal Court had ended (T.C.A. § 16-235), these defendants filed petitions in that court asking suspension of their sentences and release on probation pursuant to Chapter 513 of the Public Acts of 1972 which amended T.C.A. § 40-2901. Each of them has appealed from the judgment of the trial court dismissing their petitions.

By the express terms of Chapter 513 of the Public Acts of 1972, above referred to, petitions such as these must be filed in the trial court before the expiration of the term to which the procedendo of the appellate court is returned. Manifestly, the present petitions filed June 20, 1972 were too late.

Moreover, a trial court's order denying a convicted accused's application for suspension of his sentence and release on probation is not appealable; such action is not open to review on appeal. Stanley

v. State, 171 Tenn. 406, 104 S.W.2d 819; 24 C.J.S. Criminal Law § 1656, p. 1019.

The judgments of the trial court are affirmed.

MITCHELL and RUSSELL, JJ., concur.