IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 14, 2009 Session

## THOMAS E. CROWE, JR. v. BRADLEY EQUIPMENT RENTALS & SALES, INC., ET AL.

Appeal from the Circuit Court for Bradley County
No. V-07-116      Jerri S. Bryant, Chancellor[1]

No. E2008-02744-COA-R3-CV - FILED MARCH 31, 2010

Plaintiff filed this lawsuit alleging malicious prosecution, abuse of process, false arrest, false imprisonment, outrageous conduct, violation of Article 1, Section 18 of the Tennessee Constitution, and various violations of 11 U.S.C. § 362, and 42 U.S.C. §§ 1983 and 1985. After removal of the lawsuit to federal court, the United States District Court for the Eastern District of Tennessee dismissed the federal claims and remanded the state law claims back to the state trial court. The trial court subsequently granted a motion for summary judgment and dismissed the remaining claims. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and D. MICHAEL SWINEY, J., joined.

Arthur C. Grisham, Chattanooga, Tennessee, for the appellant, Thomas E. Crowe, Jr.

Linda J. Hamilton Mowles, Knoxville, Tennessee, for the appellees, Bradley Equipment Rentals & Sales, Inc. and Hal Y. Roe.

Stacy Lynn Archer and Ronald D. Wells, Chattanooga, Tennessee, for the appellees, Brian Smith and City of Cleveland.

**OPINION**

---

[1]Sitting by interchange.

## I. BACKGROUND

Thomas E. Crowe, Jr. ("Crowe") was a self-employed landscaper. He rented construction equipment for his business. Bradley Equipment Rentals and Sales, Inc. ("Bradley Equipment") is a business that rents all sorts of goods, including construction equipment to the public. Hal Y. Roe ("Roe") is an officer and shareholder of Bradley Equipment.

Crowe first rented equipment from Bradley Equipment in 1999. He was required on that occasion to leave an imprint of his MasterCard for Bradley Equipment's files. Crowe usually paid for his rentals with either cash or credit card.

In July 2002, Crowe rented a Bobcat loader and trailer from Bradley Equipment and returned the equipment in September. He informed Bradley Equipment that he was unable to pay for the rental and that he was filing Chapter 7 bankruptcy. He tendered neither cash nor a credit card to pay the rental fees. After Crowe left the premises, Roe tried to charge the rental fees to the MasterCard on file. The charges were declined because the card was identified as a lost or stolen card.

Roe, in the name of Bradley Equipment, filed a civil warrant against Crowe in Bradley County General Sessions Court, seeking to recover the rental fees.

Crowe subsequently filed Chapter 7 bankruptcy, and he listed the debt to Bradley Equipment. Bradley Equipment received notice of the bankruptcy filing, but failed to file a claim, attend the meeting of creditors, or file a complaint objecting to Crowe's discharge.

The bankruptcy court entered the discharge order in January 2003. As a result of the discharge order, Bradley Equipment's attorney voluntarily dismissed the civil warrant.

Roe then filed a complaint against Crowe with the City of Cleveland Police Department. In the complaint, he alleged that Crowe paid for the rental equipment with a credit card that was reported as lost or stolen. Based on Roe's complaint, Detective Brian Smith ("Detective Smith") filed an affidavit of complaint in the Criminal Division of Bradley County General Sessions Court, charging Crowe with theft over $1000. The charge was determined by the Assistant District Attorney. Crowe was then arrested, booked, and jailed on May 16, 2003. The General Sessions Court dismissed the theft charge because of the bankruptcy discharge.

After the dismissal of the theft charge, Roe wrote Detective Smith, complaining that the rental remained unpaid. Shortly thereafter, on August 21, 2003, Detective Smith

appeared before the Bradley County Grand Jury, which returned an indictment against Crowe on the same charge previously dismissed by the General Sessions Court. Again, Crowe was arrested, booked, and jailed. Crowe's attorney filed a motion to dismiss the charges because Crowe's debt was a civil debt that was discharged by the bankruptcy proceeding. The State voluntarily dismissed the charges.

Detective Smith appeared before the Grand Jury for the second time on September 4, 2004. Once again, the Bradley County Grand Jury indicted Crowe on the same charges that were twice dismissed. For a third time, he was arrested, booked, and jailed. The State dismissed the theft charges on September 26, 2006.

Crowe filed suit against Bradley Equipment, Roe, and the City of Cleveland in the United States District Court on counts of malicious prosecution, abuse of process, false imprisonment, false arrest, outrageous conduct, violation of Article 1, Section 18 of the Tennessee Constitution, violation of the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362, and violation of his civil rights under 42 U.S.C. §§ 1983 and 1985. Defendants filed motions to dismiss.[2] Crowe failed to respond. In granting the motions, the District Court dismissed the federal claims with prejudice and dismissed the state law claims without prejudice. The District Court found that the two arrests, and thus the knowledge of injury, occurred in 2003, whereas the complaint was not filed until December 2005, long after the expiration of applicable one-year statute of limitations pursuant to Tenn. Code Ann. § 28-3-104(a)(3).

The present action was filed in Bradley County Circuit Court on February 12, 2007, essentially reiterating the claims asserted in the prior action, but adding Detective Smith as a defendant. In addition to the previous two arrests, Crowe included causes of action related to his third arrest that occurred on September 8, 2004. Defendants removed the case to federal court and filed motions to dismiss. The District Court granted the motions as to the federal claims and remanded the state law claims to the Bradley County Circuit Court.

After some discovery, Defendants filed motions for summary judgment pursuant to Tenn. R. Civ. P. 56. Finding that no genuine issues of material fact existed, the trial court granted summary judgment in favor of Defendants. The trial court held that Crowe's claims were barred by the statute of limitations and noted:

> It is clear from review that the wrongful acts occurred more than one year before Plaintiff filed suit. As such the statute of limitations has run on any allegations of false arrest, false imprisonment, and outrageous conduct.

---

[2]Where the issues relate to all Defendants similarly, they will be referenced as "Defendants."

The trial court entered an order dismissing all of Crowe's claims against Defendants. Crowe's timely appeal followed.

## II. ISSUES

Crowe presents the following issues for review on appeal:

A.  Did the trial court err in ruling that there were no genuine issues of material fact and that Defendants were entitled to summary judgment as a matter of law.

B.  Did the trial court err in ruling that the Crowe's claims were time barred.

## III. STANDARD OF REVIEW

In reviewing a trial court's grant of a motion for summary judgment, this court must determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000). Our inquiry involves only a question of law with no presumption of correctness attached to the trial court's judgment. *Id.* Under Tenn. R. Civ. P. 56.04, "[s]ummary judgment is appropriate when the moving party can show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law." *Hannan v. Alltel Publ'g*, 270 S.W.3d 1, 5 (Tenn. 2008) (citing Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993)). In Tennessee, the moving party who does not bear the burden of proof at trial must either:

    (1)    affirmatively negate an essential element of the nonmoving party's claim; or

    (2)    show that the nonmoving party cannot prove an essential element of the claim at trial.

*Hannan*, 270 S.W.3d at 9. A "conclusory assertion" is not enough to shift the burden. *Id.* at 5 (quoting *Byrd*, 847 S.W.2d at 215). It is also not enough for the moving party to "cast doubt on a party's ability to prove an element at trial." *Hannan*, 270 S.W.3d at 8. However, if the moving party is able to affirmatively negate an essential element or show that the nonmoving party would be unable to prove an essential element, "the burden of production shifts to the nonmoving party to show that a genuine issue of material fact exists." *Id.* at 5; *see also Sykes v. Chattanooga Hous. Auth.,* No. E2008-00525-COA-R3-CV, 2009 WL 2365705, at *2-3 (Tenn. Ct. App. E.S., July 31, 2009).

-4-

# IV. DISCUSSION

## A.

Crowe takes issue with the trial court's grant of summary judgment in favor of Defendants. However, Crowe did not file a response to Defendants' statements of undisputed material facts. He claims that the respective statements of undisputed material facts submitted by Defendants did not warrant a response, and that the undisputed material facts do not justify the trial court's grant of summary judgment.

Defendants assert that where they have presented undisputed material facts for which Crowe has no disagreement or rebuttal, where no additional facts are presented to provide any inference that might be reasonably disputed, and where the facts provided support a basis for an effective affirmative defense, summary judgment is appropriate.

Crowe's counsel acknowledges that he did not file a response to Defendants' statements of undisputed facts because he did not "contest or dispute" any of the facts contained within the motions and "therefore believed no response was required." In Crowe's Memorandum of Law in Opposition to the motion for summary judgment filed by Bradley Equipment and Roe, he stated that the trial court should consider the facts "stated in the Complaint." Similarly, Crowe asserted that he "has pled sufficient facts to support his claims" in his Memorandum of Law in Opposition to the motion for summary judgment filed by Detective Smith and the City of Cleveland .

Because Crowe did not file a response to Defendants' undisputed material facts, we will not consider whether a dispute exists concerning material facts, and there are no genuine issues of material fact to resolve. "An adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but his/her response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Failing to do so, summary judgment, if appropriate, shall be entered against the adverse party." *GMAC, LLC v. Kimbro*, No. M2009-00177-COA-R3-CV, 2009 WL 5066689, at * 3 (Tenn. Ct. App. M.S., Dec. 23, 2009) (citing Tenn. R. Civ. P. 56.06). Therefore, the only remaining question is whether summary judgment was appropriate in light of the undisputed material facts.

The trial court found that Crowe failed to produce any evidence "in face of this Motion for Summary Judgment." Regarding each of Crowe's claims, Defendants presented evidence demonstrating that Crowe's claims failed as a matter of law. Without any evidence to rebut Defendants' assertions, the trial court correctly granted summary judgment.

We will now address each of Crowe's claims in turn.

B.

Crowe alleged multiple causes of action against Defendants including false arrest; false imprisonment; malicious prosecution; abuse of process; outrageous conduct; and violation of Article I, Section 18 of the Tennessee Constitution.

However, as a threshold matter, we will consider whether the trial court properly dismissed Crowe's claims against Detective Smith and the City of Cleveland pursuant to the Tennessee Government Tort Liability Act ("GTLA"), Tenn. Code Ann. § 29-20-101 *et seq*. GTLA removes the immunity of governmental entities for the negligent acts and omissions of employees acting within the scope of their employment *except* if the alleged injury arises out of false imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, abuse of process, or, infliction of mental anguish. *See* Tenn. Code Ann. § 29-20-205(2) (2000).[3] Under GTLA, municipalities also retain immunity for "the institution or prosecution of any judicial or administrative proceeding, even if malicious or without probable cause[.]" *See* Tenn. Code Ann. § 29-20-205(5) (2000). Crowe alleged a claim of outrageous conduct, which is the equivalent to a claim for intentional infliction of emotional distress. *Bain v. Wells*, 936 S.W.2d 618, 622 n. 3 (Tenn. 1997) (citing *Moorhead v. J.C. Penny Co., Inc.*, 555 S.W.2d 713, 717 (Tenn. 1977)). Thus, GTLA "immunizes [governmental entities] from suits for 'intentional infliction of emotional distress.'" *Johnson v. South Cent. Human Res. Agency*, 926 S.W.2d 951, 952-53 (Tenn. Ct. App. 1996).

As the trial court noted, Crowe only brought this suit against Detective Smith in his official capacity.[4] "When a suit is brought against a police officer in his official capacity, it is actually a suit against the government entity." *Parks v. City of Chattanooga*, No. 1:02-CV-116, 2003 WL 23717092, at *7 (E.D. Tenn. Dec. 15, 2003). Therefore, in circumstances where GTLA immunizes a governmental entity, it follows that an officer is also immune when sued in his official capacity. *See Baines v. Wilson Co.*, 86 S.W.3d 575, 579-80 (Tenn. Ct. App. 2002).

---

[3]Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of:

(2) false imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights[.] Tenn. Code Ann. § 29-20-205(2).

[4]In its final order, the trial court observed: "Plaintiff has brought this case against Defendant Brian Smith only in his official capacity, and as such the Motion for Summary Judgment should be granted as to Mr. Smith in his official capacity."

-6-

Accordingly, Crowe cannot prevail on his claims of false imprisonment, false arrest, malicious prosecution, abuse of process, and outrageous conduct against Detective Smith and the City of Cleveland because they are immune pursuant to GTLA. *See Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d 73, 84 (Tenn. 2001). We find that summary judgment in favor of Detective Smith and the City of Cleveland was appropriate and affirm the trial court's dismissal of these claims. Because we have decided that GTLA immunizes governmental entities from suits for most of Crowe's claims, any discussion of whether the statute of limitations bars Crowe's claims against Detective Smith and the City of Cleveland is pretermitted. *See generally* Tenn. Code Ann. § 29-20-305(a) (2000).

We next consider these claims as they relate to Bradley Equipment and Roe.

## C.

In Tennessee, a claim for malicious prosecution requires a plaintiff to prove three elements: (1) a prior suit or judicial proceeding was instituted without probable cause; (2) defendant brought such prior action with malice; and (3) the prior action was finally terminated in plaintiff's favor. *Roberts v. Fed. Express Corp.*, 842 S.W.2d 246, 247-48 (Tenn. 1992); *see also Christian v. Lapidus*, 833 S.W.2d 71, 73 (Tenn. 1992). "Thus, an action for malicious prosecution cannot be maintained until the termination of the original action in the plaintiff's favor, and the cause of action does not accrue until that point."[5] *See Gray v. 26th Judicial Task Force*, No. 02A01-9609-CV-00218, 1997 WL 379141, at *2 (Tenn. Ct. App. W.S., July 8, 1997) (citing *Dunn v. Tennessee*, 697 F.2d 121, 127 (6th Cir. 1982)). A claim for abuse of process includes the following elements: (1) the existence of an ulterior motive; and (2) an act in the use of process other than such as would be proper in the regular prosecution of the charge. *See Priest v. Union Agency*, 125 S.W.2d 142, 143 (Tenn. 1939). The Supreme Court of Tennessee has explained that "the gist of the tort [of abuse of process] is not commencing an action or causing process to issue without justification, but misusing, or misapplying process justified in itself for an end other than that which it was designed to accomplish." *Givens v. Mullikin ex rel. Estate of McElwaney*, 75 S.W.3d 383, 400 (Tenn. 2002) (citing *Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, 986 S.W.2d 550, 555 (Tenn. 1999) (quoting W. Page Keeton, et al., *Prosser and Keeton on the Law of Torts* § 121, at 897 (5th ed. 1994)).

A review of the record reveals that Crowe cannot sustain his actions for malicious prosecution and abuse of process. As these claims relate to Bradley Equipment and Roe, Crowe cannot prove the elements of either tort. Regarding the malicious prosecution claim,

---

[5]We note that Crowe's malicious prosecution claim arising from the third arrest did not accrue until the charge was dismissed on September 26, 2006. Thus, the malicious prosecution claim was not barred by the statute of limitations.

an indictment by a grand jury equates to a finding of probable cause. *See Parks*, 2003 WL 23717092, at \*4 (citing *State v. Hudson*, 487 S.W.2d 672, 674 (Tenn. Crim. App. 1972)). The Second Restatement of Torts also provides that an indictment by a grand jury qualifies as evidence of probable cause in malicious prosecution actions.[6]  In the instant case, the Bradley County Grand Jury issued two separate indictments against Crowe for theft over $1,000.  We find nothing in the record to rebut the evidence of probable cause; Crowe failed to establish the first element of malicious prosecution.

Additionally, in Tennessee, a private person is not liable for malicious prosecution unless he or she "has some control over the prosecution." *Pera v. Kroger Co.*, 674 S.W.2d 715, 722 (Tenn. 1984).  However, a private person is liable if he or she "takes an active part in continuing or procuring the continuation of a criminal proceeding initiated by himself. . . ." *Id.* (citing Restatement (Second) of Torts § 655 (1977)).

Crowe offered no evidence to counter the proof submitted by Bradley Equipment and Roe.  As a result, the trial court found that no genuine issues of material fact existed.  We agree with the trial court's conclusion that the decision to prosecute Crowe was within the control of the Bradley County District Attorney's office.  In fact, Crowe failed to show any evidence of Roe's active participation in his prosecution, or any proof that Roe misused the judicial process.  Without any evidence to the contrary, Crowe's claims for malicious prosecution and abuse of process as they relate to Bradley Equipment and Roe fail as a matter of law.  We affirm the trial court's dismissal of these claims by granting summary judgment in favor of Bradley Equipment and Roe.

D.

To recover under the tort of false arrest and imprisonment, a plaintiff must prove: "(1) the detention or restraint of one against his will and (2) the unlawfulness of such detention or restraint." *Coffee v. Peterbilt of Nashville, Inc.*, 795 S.W.2d 656, 659 (Tenn. 1990).  There is a one-year statute of limitations for a claim of false imprisonment. Tenn. Code Ann. § 28-3-104(a)(1) (2000).  The claim accrues at the time of the arrest and imprisonment. *See Gray*, 2007 WL 379141, at \*2.

Crowe argues that the trial court erred in finding that his claims were barred by the statute of limitations because the underlying prosecution was pursued serially.  Because he was prosecuted serially, on the same alleged facts, he claims that his causes of action were "kept alive" and his claims are not barred.  He contends that the criminal prosecution against him was continuing and ongoing thereby tolling the statute of limitations on his civil claims

---

[6]"The indictment of the accused by a grand jury is evidence that the person who initiated the proceedings had probable cause for initiating them."  Restatement (Second) of Torts § 664 (1977).

-8-

until the final dismissal of the same criminal charges on September 26, 2006. Crowe offers no case law in support of this contention.

Bradley Equipment and Roe respond that Crowe's case does not involve "subsequent superseding indictments." A superseding indictment is one that is obtained without dismissal of the initial indictment. *See State v. Harris*, 33 S.W.3d 767, 771 (Tenn. 2002). In Crowe's case, the first indictment was issued and dismissed prior to the issuance of the second indictment, and the third indictment was not issued until after the dismissal of the second indictment. Thus, the prosecution was not a serial prosecution that tolled the statute of limitations; it was three separate charges brought by the State against Crowe.

We reject Crowe's contention about his prosecution becoming a "serial prosecution," and find under the one-year statute of limitations contained in Tenn. Code Ann. § 28-3-104(a)(1), Crowe's state law claims for false arrest and imprisonment are time barred. The most recent set of facts giving rise to a claim of false arrest and imprisonment occurred on September 8, 2004, when he was arrested and charged with theft for the third time. Although the theft charge was not dismissed until September 26, 2006, the causes of action for false arrest and imprisonment began to accrue at the time of the arrest and not at the time of dismissal of the charge. From the date of his arrest in 2004, Crowe had one-year to file his claims of false arrest and imprisonment, but he did not file the current action until February 12, 2007.[7] Therefore, his claims are barred by the statute of limitations, and the trial court properly dismissed the above claims.

E.

A viable claim for outrageous conduct requires Crowe to establish the following three elements: (1) the conduct must have been intentional or reckless; (2) it must be so outrageous that it is not tolerated by civilized society; and (3) it must result in serious mental injury. *See Bain*, 936 S.W.2d at 622 (Tenn. 1997). Because this tort action involved personal injury to Crowe, there is a one-year statute of limitations on the claim from the time of accrual. *See* Tenn. Code Ann. § 28-3-104(a)(1); *C.S. v. Diocese of Nashville*, No. M2007-02076-COA-R3-CV, 2008 WL 4426891, at * 2 (Tenn. Ct. App. M.S., Sept. 30, 2008). Bradley Equipment and Roe assert that Crowe cannot satisfy the elements of a claim for outrageous conduct.

---

[7] As stated earlier, Crowe initially filed a complaint on December 13, 2005, alleging the same causes of actions under state law and violations of 42 U.S.C. §§ 1983 and 1985 because of the two arrests in 2004. After finding that the statute of limitations barred Crowe's claims, the District Court dismissed the federal claims with prejudice and the remaining state law claims without prejudice. *See Crowe v. Bradley Equip. Rentals, Inc.*, No. 1:05-CV-345, 2006 WL 335526, at *3-4 (E.D. Tenn. Feb. 13, 2006)

The trial court found that the proof established that Roe did nothing more than report what he believed to be a crime to the police. Further, the trial court noted that Crowe failed to produce any proof establishing that he suffered "a serious mental injury."

To prove a serious mental injury, a plaintiff must show more than the "'transient and trivial emotional distress [that] is part of the price of living among people.'" *Levy v. Franks*, 159 S.W.3d 66, 85 (Tenn. Ct. App. 2004) (citing *Miller v. Willbanks*, 8 S.W.3d 607, 615 n. 4 (Tenn. 1999)). A serious mental injury is one where "'the distress is so severe that no reasonable [person] could be expected to endure it.'" *Id.* (quoting Restatement (Second) of Torts § 46 cmt. j (1965)). A plaintiff may establish severe emotional injury by several means including "the plaintiff's own testimony, lay witness testimony of the plaintiff's acquaintances, physical manifestations of emotional distress, evidence of nightmares, insomnia and depression, proof of psychiatric treatment, or evidence of the mental distress' intensity or duration." *Id.* at 615; *see also Levy*, 159 S.W.3d at 85.

On appeal, Crowe does not address the trial court's finding concerning his failure to offer any proof of a severe mental injury; instead, he argues that whether Defendants' conduct constitutes outrageous conduct is an issue of fact to be determined by the jury.

In their motion for summary judgment, Bradley Equipment and Roe, as the moving party, showed that Crowe could not prove an essential element – severe emotional injury – of his claim for outrageous conduct at trial. Upon doing so, "the burden of production shifte[d] to the nonmoving party [Crowe] to show that a genuine issue of material fact exists." *Hannan*, 270 S.W.3d at 5. Thus, at summary judgment, it was appropriate for the trial court to determine if Crowe demonstrated that a genuine issue of material fact exists regarding whether he suffered severe emotional injury. *See Oates v. Chattanooga Publ'g Co.*, 205 S.W.3d 418, 429 (Tenn. Ct. App. 2006). Crowe did not produce any proof evidencing a severe emotional injury, and he fails to point to any evidence in the record that disputes the trial court's finding. In fact, in his deposition, Crowe admitted that he had not sought any medical treatment as a result of the events related to his lawsuit; conceded that he never received treatment for any emotional or mental issues; and acknowledged that he had not taken any medication for anxiety or depression. Therefore, Crowe's argument fails. We affirm the trial court's grant of summary judgment on the claim of outrageous conduct.

F.

Article 1, Section 18 of the Tennessee Constitution (2000) states:

> The Legislature shall pass no law authorizing imprisonment for debt in civil cases.

Crowe cites this provision as a basis for his civil claim against Defendants, alleging that they violated his rights under the Tennessee Constitution. Nonetheless, he fails to demonstrate that the General Assembly has created a private cause of action for violations of the Tennessee Constitution, and we know of no authority that recognizes a private cause of action for such violations. *See Bowden Bldg. Corp. v. Tenn. Real Estate Comm'n*, 15 S.W.3d 434, 446 (Tenn. Ct. App. 1999); *Lee v. Ladd*, 834 S.W.2d 323, 324 (Tenn. Ct. App. 1992). Accordingly, we affirm the trial court's dismissal of Crowe's claim for violation of the Tennessee Constitution by granting summary judgment in favor of Defendants.

## V. CONCLUSION

The trial court correctly dismissed all of Crowe's claims by granting summary judgment. The trial court's decision is affirmed in its entirety. Costs on appeal are taxed to the appellant, Thomas Crowe, Jr. This case is remanded, pursuant to applicable law, for collection of costs assessed below.

_____
JOHN W. McCLARTY, JUDGE