JOSEPH SCRUGGS v. THE STATE.

CRIMINAL LAW. *Indictment.* An indictment which charges separate and distinct crimes in the same count is bad; but if the defendant go to trial without objecting to the form of indictment in the court below, he thereby waives all objection to it, and the court did not err in taking no action on this informal mode of charging him.

Cases cited: State v. Williams, 10 Hum., 102; Owen v. The State, 5 Sneed, 493.

FROM DAVIDSON.

Appeal from the Criminal Court.   THOS. N. FRAZIER,. Judge.

C. D. BERRY for complainant.

ATTORNEY-GENERAL HEISKELL for the State.

FREEMAN, J., delivered the opinion of the court.

The plaintiff in error was indicted in the Criminal Court of Davidson county, and charged in one count with stealing an overcoat, the property of W. Warren,. of the value of six dollars, and twenty pounds of coffee, the property of Col. Easley, of the value of five dollars.   He was convicted and sentenced to three years imprisonment, and appealed to this court.

It is now objected, in argument, that the indictment is defective as charging two separate and distinct felonies in the same count.

Scruggs v. The State.

In the language of the court, in the case of *The State* v. *Williams*, 10 Hum., 102, "it is unquestionably true that distinct and separate crimes cannot be charged against an offender in the same count of a bill of indictment, and that an indictment thus framed is bad on demurrer, upon motion to quash, and, in case of felony, probably, on motion in arrest of judgment," yet, on looking into the record, we find no such defense interposed, on the contrary, the defendant chose to go to trial on this indictment in this form without objection, and we think he thereby clearly waived all objection to it. The rule is one for the benefit of the defendant, intended to secure singleness in the issue to be tried on each charge, and if he choose to submit to be tried on a count which is double, without objection in the court below, we cannot say the court erred in taking no action on this informal mode of charging him. We think, however, it is clear that the indictment does charge two offenses, and in this respect differs from the case above cited, where the horse, saddle, bridle, and martingale were all taken at the same time from the same man, and were properly held to constitute but one offense. Here the property is charged to have been the property of two different parties, is of different character, and must necessarily have been taken by different acts, and at different times, and it can make no difference that the two acts were near to each other in point of time. This rule must hold correct, unless we abandon the idea of a trespass in larceny, as the trespass in the taking in this case was against separate parties, and

at different times in taking different kinds of property.

It is not urged that there is not sufficient proof of the property as belonging to the parties charged to have been the owners.

On this question the law is not very strict, as in *Owen* v. *The State*, where a horse had got out of his owner's lot, jumped into a neighbor's field, where he was taken and put in a stable, it was held that the property might be laid either in the owner or the party who had temporarily had the horse put into his stable for safe keeping.

We think that the proof shows the ownership of the property sufficiently, certainly of the overcoat, and we are satisfied as to the coffee. On the whole case we are compelled to affirm the judgment.