# THE STATE *v.* CLICK.

## (*Knoxville.* September Term, 1905.)

1. **MALICIOUS MISCHIEF.** Election ballots are valuable papers.
   Election ballots are valuable papers within the meaning of the statute making it a misdemeanor to maliciously destroy any valuable papers of another.

   Code cited and construed: Sec. 6496, ss. 14 (S.); sec. 4552, ss. 14 (Code of 1858).

2. **SAME.** Same. Sufficiency of indictment.
   An indictment for malicious mischief in the destruction of election ballots is fatally defective where it fails to aver that said ballots were valuable papers, the property of the election commissioners, and that the conduct of the defendant was malicious.

---

### FROM COCKE.

---

Appeal from the Circuit Court of Cocke County.—G. Mc. HENDERSON, Judge.

ATTORNEY-GENERAL CATES and H. N. CATE, for the State.

W. J. & W. D. M'SWEEN, W. O. MIMS and R. B. HICKEY, for Click.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

This is an indictment preferred against the defendant, charging him with "unlawfully and willfully mutilating, defacing, and destroying election tickets" prepared by the election commissioners of Cocke county and furnished the election officers of one of the voting precincts of the county to be used in an election to be held under what is commonly known as the "Dortch Law." It was quashed upon the motion of the defendant, and the State has brought the case to this court for review.

It is evident that this indictment is predicated, and properly so, upon section 4652, subsec. 14, of the Code of 1858 (Shannon's Code, section 6496), which declares it to be a misdemeanor to maliciously destroy or secrete any goods, chattels, or valuable papers of another. The election tickets were valuable papers, and the property of the election commissioners of the county, and protected by this statute from malicious mutilation or destruction. There is, however, no averment in this indictment of these facts, or that the conduct of the defendant was malicious. These are essential elements of the offense, and for want of them the indictment is fatally defective. There is no error in the judgment of the trial court quashing it.