CLARENCE COLLIER, Plaintiff in Error

*v.*

STATE OF TENNESSEE, Defendant in Error

(*Knoxville,* September Term, 1957.)

Opinion filed December 6, 1957.

DALE A. MYSINGER, Greeneville, BURKETT C. McIntuRFF, Kingsport, for plaintiff in error.

JAMES M. GLASGOW, Assistant Attorney General, for the State.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

The plaintiff in error Clarence Collier was convicted of malicious mischief; was fined $250 and sentenced to the County jail for 11 months and 29 days; from which he has appealed and assigned three errors which would require a review of the evidence.

However, it appears that the bill of exceptions was not filed within the time allowed by a proper order of the court.

The motion for a new trial was overruled on January 25, 1957, and defendant was granted 45 days within which

to prepare and file his bill of exceptions. On March 4, 1957, which was more than 30 days after the motion for new trial was overruled, the time for filing the bill of exceptions was attempted to be extended so as to give him 15 days from March 11, 1957. The bill of exceptions was filed on March 23, 1957.

Since the order attempting to extend the time for filing the bill of exceptions was not made within the 30 days after the overruling of the motion for new trial, the trial court was without authority to extend the time and the bill of exceptions can not be considered for any purpose, since it is a nullity. *Duboise v. State,* 200 Tenn. 93, 290 S.W.2d 646.

Another matter, however, needs to be adverted to. It appears from the purported bill of exceptions that counsel for the defendant and for the State orally stipulated that the indictment included both "breaking and entering" as well as malicious mischief. That agreement is attacked as being invalid but we can not consider the question from that point of attack because the agreement is reflected only by the purported bill of exceptions which can not be considered for any purpose.

However, the further point is made that considering the indictment alone which is part of the technical record, it does not include the offense of malicious mischief and would, therefore, not be sufficient to protect the defendant on a plea of former jeopardy for the same offense.

The material part of the indictment is as follows:

"Did unlawfully and feloniously break and enter a dwelling house by day, the property of Mrs. J. C.

Payne, with the felonious intent to commit a felony therein, to-wit: felonious assault with an ax and did therein threaten to harm and kill persons therein and did with said ax destroy a door and other parts of said house and personal property therein.''

The two relevant statutes are T.C.A. secs. 39-4501 and 39-4504 which read as follows:

''Destroying, injuring or secreting property or papers of another—Misdemeanor.—It is declared to be a misdemeanor to maliciously destroy, injure, or secrete any goods, chattels, or valuable papers of another.''

''Injuring or defacing buildings or fixtures—Misdemeanor.—It is declared to be a misdemeanor wantonly to injure, deface, or disfigure any building or fixture attached thereto, or the inclosures thereof, belonging to the state, or any county, city, town, or to another person.''

It is difficult to see how one could be guilty of breaking and entering a dwelling house without also being guilty of violating T.C.A. sec. 39-4504. Therefore, this lesser offense must be included within the greater.

On the other hand, there is no necessary connection between T.C.A. sec. 39-4501, which relates to injury to personal property, and the offense of breaking and entering. The inclusion of this latter offense or misdemeanor in the same count in the indictment charging breaking and entering is not, however, a fatal defect but is waived by going to trial without objecting to the form of the indictment in the trial court. *Scruggs v. State,* 66 Tenn. 38. As to waiver and curing by verdict see generally

*Johnson v. State,* 187 Tenn. 438, 215 S.W.2d 816; *Driscoll v. State,* 191 Tenn. 186, 232 S.W.2d 28; *Jones v. State,* 197 Tenn. 667, 277 S.W.2d 371; *Allen v. State,* 199 Tenn. 569, 288 S.W.2d 439.

█ Again, the brief for the State points out that, while the indictment for malicious mischief must allege in substance that the acts were done maliciously or wantonly as held in *State v. Click,* 115 Tenn. 283, 90 S.W. 855, this Court has construed the term "feloniously", which appears in the indictment in the instant case, as embracing maliciously and wantonly. *State v. Smith,* 119 Tenn. 521, 105 S.W. 68.

The judgment below is affirmed with costs.