**Carl KIMBRO, Plaintiff-Appellant,**

v.

**Lynn BOMAR, Warden, Tennessee State Penitentiary, Defendant-Appellee.**

**No. 15370.**

United States Court of Appeals Sixth Circuit.

June 30, 1964.

---

Court for the Middle District of Tennessee, Nashville Division, denying his petition for a writ of habeas corpus. Kimbro is imprisoned in the Tennessee State Penitentiary, having been convicted in the Shelby County, Tennessee, Criminal Court of murder in the first degree while in the perpetration of a robbery. The jury which convicted him fixed the punishment at death by electrocution. His conviction was affirmed by the Supreme Court of Tennessee in an unreported opinion handed down July 26, 1961. Kimbro then sought habeas corpus in the Tennessee courts and the denial of his petition was affirmed by the Supreme Court of Tennessee in an unreported opinion handed down on September 7, 1962. Following these state court proceedings, the Governor of Tennessee, on October 26, 1962, commuted Kimbro's death sentence to a term of ninety-nine years in the state penitentiary. Upon Kimbro's application to the United States Supreme Court, the following order was entered on January 7, 1963:

"Motion for leave to file petition for writ of habeas corpus denied. Treating the papers submitted as a petition for writ of certiorari, certiorari is denied." Kimbro v. Bomar, 371 U.S. 945, 83 S.Ct. 518, 9 L.Ed.2d 507.

 The habeas corpus petition before us was filed in the United States District Court on January 25, 1963. The petition relied for relief primarily upon a claim that the indictment under which Kimbro was tried was defective, although there were also some conclusional allegations of denial of due process and a reference to an obvious clerical error in a date appearing in a minute entry of the Criminal Court of Shelby County. The full language of the indictment is not in the record before us, but Kimbro's petition states that he was indicted for "murder in the first degree and murder in prepetation (sic) of a robbery." He further avers that the jury's verdict was "We the jury find the defendant guilty of murder in the first degree as charged in the second count of the indictment."

Richard J. Valleau, Cincinnati, Ohio (Court appointed), for appellant.

Henry C. Foutch, Asst. Atty. Gen., Nashville, Tenn. (George F. McCanless, Atty. Gen. and Reporter of Tennessee, of counsel), for appellee.

Before O'SULLIVAN, PHILLIPS and EDWARDS, Circuit Judges.

O'SULLIVAN, Circuit Judge.

This is an appeal by Carl Kimbro from an order of the United States District

Under Tennessee law, murder committed in the perpetration of a robbery is murder in the first degree. Tenn.Code Ann. § 39–2402. The aforesaid allegations of the petition for habeas corpus do not persuade us that either the indictment under which Kimbro was tried or the jury's verdict was technically defective. We, however, do not reach such questions. The District Judge in denying the Kimbro petition, said:

"Petitioner herein complains of a defect in the indictment under which he was convicted. The petition does not indicate that any effort was made to correct the alleged defect on the trial level. If indeed such defect existed, it was cured by the verdict under Tennessee law. Jones v. State, 197 Tenn. 667, 277 S.W.2d 371 (1954); Driscoll v. State, 191 Tenn. 186, 232 S.W.2d 28 (1950); Pope v. State, 149 Tenn. 176, 258 S. W. 775 (1923). Furthermore, such matter is not properly a ground for obtaining relief through habeas corpus in the federal courts as it relates to Tennessee law and procedure and, as such, represents an alleged error correctable only on appeal."

We are in accord with the District Judge's conclusion so expressed. Knewel v. Egan, 268 U.S. 442, 446, 45 S.Ct. 522, 69 L.Ed. 1036 (1925); United States ex rel. Scott v. Walker, 218 F.Supp. 866, 868 (E.D.La.1963).

■ In this court, however, appointed counsel, exhibiting becoming diligence, essays to present a question cognizable in a federal court and available for review by us. He asserts that "as to the time the appellant was arraigned, nine days after his arrest, *at which time the appellant was not yet represented by counsel,* a plea of not guilty was entered to the indictment returned against him." (Emphasis supplied) From this assumed fact, counsel argues that even though Kimbro was aided by counsel at his trial and through his appeals, the lack of counsel at his arraignment and plea of not guilty was, under recent decisions, a deprivation of federally granted constitu-

tional rights.[°] Asserting that under Tennessee law failure then to challenge the sufficiency of the indictment waived the point, Collier v. State, 202 Tenn. 689, 308 S.W.2d 427 (1957); Jones v. State, 197 Tenn. 667, 277 S.W.2d 371 (1955); Batey v. State, 191 Tenn. 592, 235 S.W. 2d 591 (1951); Driscoll v. State, 191 Tenn. 186, 232 S.W.2d 28 (1950), counsel contends that the failure to have a lawyer attending Kimbro at that time constituted a fatal and irreparable constitutional defect in his conviction. Reliance for this position is placed upon Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L. Ed. 158, 84 A.L.R. 527 (1932); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961); and White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L. Ed.2d 193 (1963). This question is not properly presented to us, however. Nothing in the record before us, nothing in the decisions of the Supreme Court of Tennessee, and nothing in the averments of Kimbro's petition for habeas corpus suggests the claimed fact that Kimbro, an indigent, was without counsel at his arraignment or that he, or a magistrate for him, entered a plea of not guilty while Kimbro was without the aid of counsel. We find, in his petition, a statement made in connection with his claim that his conviction was based upon insufficient evidence, "that had petitioner been *properly* represented it could and would have been shown that he was and is innocent of the charge against him, and in the absence of proper legal help the petitioner endeavors to show the court some of the irregularities which transpired," etc. (Emphasis supplied) While the foregoing may be the basis of counsel's assertion that Kimbro was without counsel at his arraignment, we are unable to read it as so stating. If counsel's assertion comes from some information not in the record of this cause, we, of course, may not consider it. And as to the quality of the legal assistance afforded Kimbro, the Supreme Court of Tennessee said that "counsel who represented Kimbro

throughout the trial and through this Court was one of the ablest and one of the most conscientious lawyers that is known to the writer of this opinion."

█ We further mention that if it is the fact that Kimbro was without counsel at the time of his arraignment and the plea of not guilty, his contention of the constitutional vice thereof has never been presented in any proceeding in Tennessee. Accordingly, if the Tennessee courts are still available to entertain this contention on the merits, we should refrain from considering it. 28 U.S.C.A. § 2254.

Judgment affirmed.