CARROL BOLIN, Plaintiff in Error, v. STATE OF
TENNESSEE, Defendant in Error.—472 S.W.2d 232

July 9, 1971.

Certiorari Denied by Supreme Court October 4, 1971.

388

Joe Timberlake, Chattanooga, for plaintiff in error.

David M. Pack, Attorney General, Lance D. Evans, Assistant Attorney General, Nashville, Edward E. Davis, District Attorney General, Stanley J. Lanzo, Frank M. Groves, Jr., Assistant District Attorneys General, Chattanooga, for defendant in error.

WALKER, P.J. The defendant was convicted of robbery and sentenced to five years' imprisonment.

In this appeal in the nature of a writ of error, he first assigns as error the procedure on the voir dire of the jury. He says he was prejudiced by the trial judge's comments on the failure of a defendant to testify and

his refusal to permit the defendant to question the jurors fully on the effect they would give to his failure to testify.

■ This question was not presented to the trial court in the motion for a new trial. One may not raise questions for the first time in this court. The trial judge will not be put in error upon matters not brought to his attention in the motion for a new trial. Kirby v. State, 214 Tenn. 296, 379 S.W.2d 780.

■ Furthermore, an examination of the voir dire of the jury shows no merit in the defendant's contentions. Before the law had been explained to the jurors, the defendant asked them if failure of the defendant to testify would influence their deliberations. Four replied in the affirmative. The trial judge's explanation of the rule then and his instruction to the jury at the conclusion of the case sufficiently called to its attention that the defendant's failure to testify could not be considered by it. The District Attorney General fairly stated the rule in his examination of the jurors and did not seek any advantage on this question. The defendant challenged peremptorily all four who had expressed doubts before they knew the law. No prejudice resulted to the defendant. This assignment is overruled.

By the state's proof, which the jury obviously accepted, the victim, William Ralph Hensley, age 35, had been drinking beer and vodka in a Chattanooga tavern with three women, Jerry Sue Eller, Sue Sinclair and Donna Hulsey. The defendant was a bartender and bouncer at a tavern across the street. He and Mrs. Eller had been living together several years.

Hensley had cashed a check and the women saw that he kept it in his checkbook rather than his wallet. The defendant came in the bar and talked to the women there. After they had had several drinks, Hensley left the tavern with Mrs. Sinclair and Mrs. Eller to go to the women's apartment. When they had walked about a block, two men came out of an alley, accused him of being with their wives, knocked him down and took his checkbook with his money. They did not take his wallet which contained no money. The men and the women ran away. Hensley testified the defendant was one of these men.

The defendant did not testify. Mrs. Eller offered an alibi for him, saying that she was with the defendant all day at their apartment. By that testimony neither she nor the defendant was present at the alley when the robbery occurred. Sue Sinclair testified that she drank vodka with Hensley but she denied leaving the bar at all.

By his second assignment, the defendant says the trial judge erred in permitting the state to test the credibility of Mrs. Eller by asking about her arrests.

On cross-examination both sides improperly questioned witnesses about arrests. The defendant asked Hensley how many times he had been charged with public drunkenness. He denied any.

The state asked Mrs. Eller if she had been arrested for vagrancy and prostitution, to both of which questions she replied that she had not. The state then asked what she had been arrested for and received the reply "drunk" twice. She denied any other arrest.

 The court should not permit a question of the witness as to whether he has been arrested, indicted, or charged with crime. Vagrancy and public drunkenness are misdemeanors not involving moral turpitude. No inquiry should be permitted about these offenses for impeachment purposes. Moreover, the attempt to communicate impressions by innuendo through questions which are answered in the negative, when the questioner has no evidence to support the innuendo, is an improper tactic which has often been condemned by the courts. See 6 Wigmore, Evidence Sec. 1808(2) (1940).

 We do not think the questions here could have influenced the verdict and this assignment is overruled. T.C.A. 27-117.

By the third assignment, the defendant contends that the trial judge should have granted his special request on the presumption from the failure of the state to call witnesses.

By Mrs. Eller and the defendant's employer, the defendant offered testimony to the effect that Hensley, with two police officers, came into a tavern about 9:00 P.M. on the day of the incident; that Hensley accused one Warren D. Turner of the robbery. On his cross-examination Hensley had denied that he accused Turner; he said he came in the Red Fox Lounge with two policemen whose names he did not know and that he told them, "There's the girls."

The court refused this special request:

"SPECIAL REQUEST

Where witnesses are peculiarly available to the State and are not called upon to testify there is a presumption that the witnesses would testify adversely to the contentions of the State.

> Attorney for the Defendant
> Joe Timberlake

Refused
Carrol Bolin
April 28, 1970''

 This request is not strictly an accurate statement of the law. See Wooten v. State, 203 Tenn. 473, 314 S.W. 2d 1. A reversal will not be made for the refusal of a trial judge to give an instruction, unless it is strictly accurate. Harper v. State, 206 Tenn. 509, 334 S.W.2d 933.

 It is also clear that the defendant knew of these policemen. There is no showing that they were not equally available to the defense. See Conboy v. State, Tenn.Crim. App., 455 S.W.2d 605.

All assignments are overruled and the judgment is affirmed.

Dwyer and Russell, JJ., concur.