**Virgil CARMON, Plaintiff-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Feb. 1, 1974.

Certiorari Denied by Supreme Court June 17, 1974.

James T. Bowman, Public Defender, Johnson City, for plaintiff in error.

David M. Pack, Atty. Gen., William C. Koch, Jr., Asst. Atty. Gen., Nashville, Tenn., Jack Carrier, Asst. Dist. Atty. Gen., and Martha M. Sherrod, Asst. Dist. Atty. Gen., Johnson City, for defendant in error.

OPINION

O'BRIEN, Judge.

Judgment on jury verdict finding defendant guilty of grand larceny with punishment fixed at three (3) years in the State Penitentiary. Defendant appeals.

The first assignment charges the trial court erred in declining to direct a verdict

of acquittal because of a fatal variance between the proof and the indictment.

It was argued in the trial court that the proof in the case, taken in its best light, was insufficient to sustain a conviction for any offense other than violation of T.C.A. Sec. 39–4533—Tapping or injuring telegraph, telephone, electric light and power or gas lines and appliances— . . .

The indictment in this case charged the defendant with larceny of, "one pay telephone containing approximately $30.00 in cash."

Proof in the case was that about 4:00 A.M. on the 4th of July, 1972, defendant was observed running from a telephone booth. He had in his possession what appeared to be a crowbar. The telephone in the booth had been partially loosened from its moorings. There were chips of metal lying about on the bookshelf in the phone booth. Some thirty minutes later defendant was observed again running from the phone booth carrying a screwdriver, or some similar instrument. The witness who testified to these facts returned to the scene, later in the morning about 9:00 A.M., and found that the phone had been totally removed from the telephone booth.

█ We hold that T.C.A. Sec. 39–4533 was enacted for the purpose of penalizing the disruption of communication or the transmission of light, heat or power by the various modes set forth in the statute, as distinguished from larceny which is categorized by T.C.A. Sec. 39–4202 et seq., as a different grade of offense. The distinguishing features between the two, the first of which is generally classed as malicious mischief, are defined in 52 Am.Jur. 2d, Malicious Mischief, Sec. 2, as follows:

> "The courts have taken occasion to distinguish between malicious mischief and larceny, pointing out that in larceny, goods are fraudulently taken against the owner's will animo furandi, with the intention of converting the goods to the taker's use; whereas, in malicious mis-

chief, the property is merely maliciously injured, without being taken animo furandi. It is also to be noted that under the rule prevailing in some jurisdictions, liability to prosecution for malicious mischief may be incurred by the injury of property or things which are not subjects of larceny."

█ T.C.A. Sec. 40–2529 provides that a trial judge shall direct a verdict when he is of the opinion that the evidence is insufficient to warrant a conviction. Shanklin v. State, Tenn.Cr.App., 491 S.W.2d 97. This court will not interfere with this discretionary authority of the trial judge unless a clear abuse of that discretion can be found on review. We hold that the evidence in this case clearly preponderates in favor of the jury verdict, and overrule the first assignment of error.

The second and third assignments of error protest the failure of the trial judge to instruct the jury as to the law embodied in T.C.A. Sec. 39–4533, and T.C.A. Sec. 39–4534.

█ Although the bill of exceptions bears out that defendant made an oral request for certain instructions, T.C.A. Sec. 40–2517 specifically provides in part, "if the attorneys on either side desire further instructions given to the jury, they shall write precisely what they desire the judge to say further." State v. Becton, 66 Tenn. 138; State v. Missio, 105 Tenn. 218, 58 S.W. 216; Cohen v. Cook, 224 Tenn. 729, 462 S.W.2d 499. T.C.A. Sec. 40–2518 sets forth that, "it shall be the duty of all judges charging juries in cases of criminal prosecutions for any felony wherein two (2) or more grades or classes of offense may be included in the indictment, to charge the jury as to all of the law of each offense included in the indictment, without any request on the part of the defendant to do so." Nonetheless, the trial court is not required to charge additional offenses where the evidence presented does not warrant an inference of guilt for any other offense other than the one contained in the

**598**

indictment. Bolin v. State, 219 Tenn. 4, 405 S.W.2d 768. We have heretofore discussed the tenets of T.C.A. Sec. 39-3533, and we hold that it cannot be considered as a lesser included offense under the indictment or the evidence in this case. As held in *Bolin*, supra, the sole issue at this trial for the jury to determine was whether or not this defendant committed the crime. There was no dispute as to whether or not the larceny occurred and no evidence was introduced from which it could be inferred that no larceny was committed.

██ This statement of the law is equally applicable to the argument that the offense delineated under T.C.A. Sec. 39-4534 should be considered a lesser included offense under this indictment. This statute penalizes the malicious injury, destruction, defacement, breaking, or removal of the real or personal property of another, and falls within the ambit of malicious mischief which we find to be distinguished from the offense of larceny, as we have discussed in our consideration of the first assignment. Defendant cites the case of Collier v. State, 202 Tenn. 689, 308 S.W.2d 427, as authority for an inclusionary instruction to the jury on T.C.A. Sec. 39-4534. This appears to be an isolated case in which it was stated as dictum, "It is difficult to see how one could be guilty of breaking and entering a dwelling house without also being guilty of violating T.C.A. Sec. 39-4504. Therefore, this lesser offense must be included in the greater." We do not think it was the intent of our Supreme Court to make such an instruction mandatory in every case, particularly on a larceny indictment, such as we have here, and we find no reason or authority which would require reversal under the circumstances of this case.

The assignments of error are overruled and the judgment of the trial court affirmed.

MITCHELL and RUSSELL, JJ., concur.