**STATE of Tennessee, Appellee,**

v.

**Larry OVERTON, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Sept. 10, 1982.

William M. Leech, Jr., Atty. Gen., Steven A. Hart, Asst. Atty. Gen., Nashville, for appellee.

Fred L. Myers, Jr., Newport, for appellant.

## OPINION

O'BRIEN, Judge.

Defendant was convicted in the trial court for Cocke County of the offense of first degree burglary and sentenced to the penitentiary for a term of not less than five (5) years nor more than ten (10) years.

A number of issues are raised by the first of which defendant says the verdict is contrary to the weight of the evidence and the verdict of the jury was the result of passion, prejudice and caprice.

Burglary in the first degree "is the breaking and entering into a dwelling house .... by night, with intent to commit a felony." T.C.A. § 39–901. The State's proof shows that defendant was observed by police officers exiting from the house trailer residence of Mike Clark, a resident of Newport. The trailer had been burglarized by breaking a window in the entrance door. The owner testified his house had been locked when he left for work that night and the door window, which had been broken in an earlier burglary, had been taped over. A bedroom in the residence had been ransacked and various containers and boxes opened and their contents rummaged through. Defendant offered no proof to refute the State's evidence summarized here.

■ On appellate review it is the court's duty to determine whether a rational trier of fact could have found the essential elements of the crime from the evidence beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). T.R.A.P. Rule 13(e) requires that a guilty verdict in criminal actions shall be set aside on appellate review only if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt. The proof in this case meets that requirement.

■ It is insisted the trial court should have instructed the jury on the offense of injuring or defacing buildings (T.C.A. § 39–4504), as a lesser included offense.

This Court has held numerous times that it is not error to decline to instruct the jury on the provisions of T.C.A. § 39–4504 in both larceny and burglary cases. See *Carmon v. State,* 512 S.W.2d 595, (Tenn.Cr.App. 1974); *Hobby v. State,* 480 S.W.2d 554, (Tenn.Cr.App.1972); *Ferguson v. State,* 530 S.W.2d 100, (Tenn.Cr.App.1975). The issue is without merit.

Defendant says he was entitled to a motion to dismiss the charges against him because the prosecuting officer named on the indictment did not testify. It is his theory that this shortcoming denied him the right of confrontation.

■ The requirement of having a prosecutor marked on an indictment is a statutory one. T.C.A. § 40–1704. The law, for at least a hundred years, has been that the object of having a prosecutor endorsed on the indictment is for the protection of the defendant. *Rodes v. State,* 78 Tenn. (10 Lea) 414, (1882). A prosecutor in the sense intended by the statute is not even necessary for an inquiry by a grand jury in the course of its investigatory authority. T.C.A. § 40–1605. This is true because the grand jury may send for witnesses whenever they, or any of them, suspect that an indictable offense has been committed. T.C.A. § 40–1617. As the jury was properly instructed by the trial judge, the indictment is an official accusation only. It is not evidence against the defendant, and raises no inference of guilt. No more is the prosecutor named in the indictment a witness against the accused in the trial before the jury on the issue of his guilt or innocence. The prosecutor named in the indictment in this case was a police officer who was equally available to the defendant as a witness as he was to the State, with the same remedies available if for any reason he should prove hostile or otherwise not amenable to examination. There was no denial of confrontation. This also disposes of defendant's contention that it was error for the trial judge to decline to instruct the jury on the presumption that a missing witness would testify adversely to the party who failed to call him. This presumption does not arise where the witness is equally

available to either party. *Bolin v. State,* 4 Tenn.Cr.App. 387, 472 S.W.2d 232 (1971).

We do not understand defendant's contention that the State failed to prove venue. One of the officers who discovered the break-in and observed defendant exiting from the burglared premises testified that all of those events occurred in Cocke County. This was sufficient to establish venue.

We find the record devoid of reversible error and affirm the judgment of the trial court.

DUNCAN and DAUGHTREY, JJ., concur.