IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 18, 2003

## STATE OF TENNESSEE V. JOE R. OSBORNE

**Direct Appeal from the Criminal Court for Williamson County**
**No. II-082-402    Timothy L. Easter, Judge**

_____

**No. M2003-00966-CCA-R3-CD - Filed February 13, 2004**

_____

The appellant, Joe Robert Osborne, was convicted by a jury of one count of Driving Under the Influence (DUI). As a result, he was sentenced to 11 months and 29 days, with probation after service of 48 hours in jail, revocation of his driver's license for one year, mandatory attendance at Alcohol Safety School and assessed a $350 fine. On appeal, he challenges the sufficiency of the evidence and the trial court's failure to instruct the jury on the "missing witness" inference. Because we conclude there was no reversible error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSPEH M. TIPTON and ROBERT W. WEDEMEYER, JJ., joined.

Robert H. Hassell, Franklin, Tennessee, for the appellant, Joe R. Osborne.

Paul G. Summers, Attorney General & Reporter; P. Robin Dixon, Jr., Assistant Attorney General; and Ron Davis, District Attorney General; and Georgia Felner, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

On December 24, 2001, at around 1:20 a.m., Deputy Rose Perrie of the Williamson County Sheriff's Department was on routine patrol at the intersection of Lewisburg Pike and Goose Creek By-Pass when she noticed a vehicle in a rather deep ditch. As part of his training Deputy Dion Nicodemus was riding with Deputy Perrie. The officers pulled to the side of the road, turned on their blue lights, and approached the vehicle. Deputy Perrie could see the appellant behind the wheel of

the vehicle and could hear him "revving" the engine in an attempt to move the vehicle from the ditch. The appellant informed the officers upon their arrival that he was not injured.

At that time, Deputy Perrie asked the appellant to exit the vehicle. When asked how his vehicle ended up in the ditch, Deputy Perrie testified that appellant stated he "had no clue." When the appellant exited the vehicle, he stumbled forward toward the officers. Although the officers had no difficulty walking back up the ditch to the side of the road, they had to assist the appellant. Deputy Perrie felt that the appellant needed assistance walking up the incline due to both his impairment and the fact that he was wearing cowboy boots. Both officers noticed an odor of alcohol about the appellant's person. Deputy Perrie also noticed that the appellant's eyes were watering and that his speech was "moderately slurred." Deputy Nicodemus noticed that the appellant's eyes were blood-shot. When asked if he had been drinking, the appellant admitted to having two drinks.

Once the appellant and the officers reached the side of the road, Deputy Perrie asked the appellant to complete three field sobriety tasks - the one-leg stand task, the finger-to-nose task, and the nine-step-walk-and-turn task. Prior to asking the appellant to complete the tasks, Deputy Perrie testified that she both explained and demonstrated each task. Deputy Perrie noted that the appellant was unable to keep his balance during the one-leg stand task, swayed and was unable to touch his nose during the finger-to-nose task, and was "unsteady" during the nine-step-walk-and-turn task. In fact, during the nine-step-walk-and-turn task, the appellant took the incorrect number of steps and the officers actually stopped the appellant from completing the task. Deputy Perrie felt that the appellant's performance on the tasks was indicative of impairment and placed him under arrest for DUI at that time. The testimony of Deputy Nicodemus was consistent with the testimony of Deputy Perrie. Deputy Debbie Rogers was also on the scene and witnessed the field sobriety tasks. Deputy Rogers was not listed on the indictment as a potential witness, and, when asked about Deputy Rogers's whereabouts, Deputy Perrie notified the prosecutor that Deputy Rogers now lived in Mississippi where she was attending school.

The appellant's version of events varied somewhat from that of the officers. He testified that around 10:30 p.m. on December 24, 2001, he woke up from a nap, ate a sandwich, drank two beers, took a shower, took his medication,[1] and left for his girlfriend's house. As he approached the intersection of Lewisburg Pike and Goose Creek By-Pass, he tried to look for his cell phone as he was driving. The vehicle headed toward an embankment, and he made the decision to keep going down the embankment instead of over-correcting the vehicle. Once the vehicle came to rest in the ditch, the appellant realized that he could not get the vehicle back onto the road. When the officers approached the vehicle, the appellant claims he told them exactly what happened. The officers did not find a cell phone in the vehicle during a subsequent search. The appellant also claims that he had no problems walking up the hill and that Deputy Perrie's testimony regarding his performance on the field sobriety tasks was inaccurate. He claims that Deputy Perrie did not demonstrate how to

---

[1]The appellant testified that at the time of the incident, he was taking the prescription medication Effexor for "anger" problems.

perform each task as it was explained, that the tasks were given in a different order than she indicated, and that he completed each of the field sobriety tasks without any difficulty.

The appellant was arrested by Deputy Perrie after his performance on the field sobriety tasks. While on the way to the hospital to secure a blood sample, the appellant changed his mind regarding implied consent. At that time, the officers took the appellant to jail. Subsequently, he was indicted by the Williamson County Grand Jury of one count of DUI. After a jury trial, the appellant was convicted of driving under the influence and sentenced to 11 months and 29 days, with probation on the condition that he serve 48 hours in jail, assessed a $350 fine, ordered to surrender his driver's license for one year, and ordered to attend Alcohol Safety School. On appeal he challenges the sufficiency of the evidence and the trial court's failure to charge the jury with the "missing witness" instruction.

Missing Witness Instruction

The appellant contends on appeal that the trial court erred when it failed to instruct the jury on the "missing witness" inference as it applied to Deputy Rogers. Specifically, he argues that the State failed to call Deputy Rogers as a witness because the State "must have been apprehensive about her testimony." The State argues that the record does not support the application of the "missing witness" instruction and that the appellant waived this issue by failing to submit a written request for the special jury instruction.

The law regarding the appropriate circumstances for giving the "missing witness" instruction was explained by our supreme court in State v. Francis, 669 S.W.2d 85 (Tenn. 1984). A party may comment about an absent witness and have the trial court instruct the jury on the failure of an adverse party to call an absent witness when the evidence shows that "(1) the witness had knowledge of material facts, (2) that a relationship exists between the witness and the party that would naturally incline the witness to favor the party, and (3) that the missing witness was available to the process of the Court for trial." Delk v. State, 590 S.W.2d 435, 440 (Tenn. 1979). The mere fact that a party fails to produce a particular person who may have some knowledge of the facts involved does not justify application of the inference against him. However, when it can be said "with reasonable assurance that it would have been natural for a party to have called the absent witness but for some apprehension about his testimony," an inference may be drawn by the jury that the testimony would have been unfavorable. Burgess v. United States, 440 F.2d 226, 237 (D.C. Cir. 1970). The inference may not be invoked when it is shown that (1) the witness "may have some knowledge of the facts involved," Francis, 669 S.W.2d at 88, or (2) the witness is equally available to both parties. State v. Eldridge, 749 S.W.2d 756, 758 (Tenn. Crim. App. 1988); State v. Overton, 644 S.W.2d 416, 417-18 (Tenn. Crim. App. 1982).

Although the principles governing the missing witness inference may apply when the State fails to call a police officer who participated in the investigation or the scientific testing of evidence, the other Delk criteria must be satisfied. See Boyd v. State, 867 S.W.2d 330, 337-38 (Tenn. Crim. App. 1992); Overton, 644 S.W.2d at 417-18; Bolin v. State, 472 S.W.2d 232, 235 (Tenn. Crim. App. 1971). In Boyd, an officer alluded to the fact that a nontestifying police officer had actually prepared

the arrest report. This Court held that the record did not support the Delk factors. Boyd, 867 S.W.2d at 337. Consequently, the trial court correctly refused to include a missing witness instruction in its charge to the jury. Id. at 338. In Bolin, the State elected not to call two police officers who accompanied the victim to a lounge when he identified the perpetrators of the crime against him. This court held the accused failed to establish that the police officers were not equally available to him. Bolin, 472 S.W.2d at 235.

In this case, the record does not establish that Deputy Rogers had "knowledge of material facts" that were not elicited through the testimony of Deputy Perrie or Deputy Nicodemus. Deputy Rogers was not listed on the indictment as a potential witness, she did not prepare a report in conjunction with the arrest, and she was not easily available at the time of trial. According to the testimony of Deputy Perrie, Deputy Rogers did not work for the sheriff's department after moving to Mississippi to attend school. In summary, the fact that Deputy Rogers may have had some knowledge about this case will not support the invocation of the permissive inference that may be drawn from the fact that a party failed to call a particular witness. Francis, 669 S.W.2d at 88. Furthermore, the appellant failed to submit a written request for a special jury instruction on the "missing witness" inference. Failure to submit a written special request constitutes a waiver of the issue. See State v. Vickers, 985 S.W.2d 1, 8 (Tenn. Crim. App. 1997); State v. Brewer, 932 S.W.2d 1, 15 (Tenn. Crim. App. 1996). This issue has no merit.

## Sufficiency of the Evidence

The appellant challenges the sufficiency of the evidence on appeal, but concedes that "unless this Court finds that the trial court erred in failing to instruct the Missing Witness Rule, then the appellant's challenge of the sufficiency of the evidence must fail given that the State produced evidence of all essential elements of Driving Under the Influence." The State argues that the evidence was sufficient to support the conviction.

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the state. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. Id. The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. See Tenn. R. App. P. 13(e); Harris, 839 S.W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." See Tuggle, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim.

App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." <u>Matthews</u>, 805 S.W.2d at 779.

A person commits the offense of DUI when he is in physical control of an automobile and is under the influence of an intoxicant. Tenn. Code Ann. § 55-10-401. Viewing the evidence in a light most favorable to the State, the record establishes that the officers found appellant behind the wheel of his vehicle in a ditch. The vehicle was running, and the appellant was revving the engine. Both officers testified that the appellant had an odor of alcohol about his person, that his eyes were blood-shot or watery, and that he stumbled getting out of the vehicle. The appellant admitted to drinking two beers. The officers testified that the appellant was unable to successfully complete any of the field sobriety tasks and that his performance on the tasks indicated impairment. We conclude that the evidence is sufficient to support the conviction.

<u>Conclusion</u>

After a thorough review of the record, we affirm the decision of the trial court.

_____
JERRY L. SMITH, JUDGE