Lesa JOHNSON, Plaintiff/Appellant.

v.

SOUTH CENTRAL HUMAN RESOURCE AGENCY, Roy Tipps, Executive Director, and John Ed Underwood, Jr., Deputy Director, Defendants/Appellees.

Court of Appeals of Tennessee,
Western Section,
at Nashville.

Jan. 24, 1996.

Permission to Appeal Denied by
Supreme Court June 24, 1996.

Andrew Jackson Dearing, III, Shelbyville, for Plaintiff/Appellant.

Garry K. Grooms, Farris, Warfield & Kanaday, Nashville, for Defendants/Appellees.

FARMER, Judge.

This is an action pursued by the appellant, Lesa Johnson (Johnson), for the alleged wrongful termination of her employment with South Central Human Resource Agency (SCHRA). The Chancery Court for Bedford County dismissed the complaint upon motion of the appellees, SCHRA, and its executive and deputy directors, Roy Tipps and John Ed Underwood, Jr., respectively.

The complaint alleges that Johnson was employed by SCHRA from November 1987 until March 1993. It further states, as pertinent to the issues presented on appeal:

This is a proceeding for damages to redress the deprivation of rights secured to Plaintiff by *Tennessee Code Annotated § 4-21-101 et seq.* Additionally, this is a proceeding for damages resulting from the tortious interference with contractual rights, invasion of privacy, intentional infliction of emotional distress, loss of past and future earnings and employment bene-

fits, mental pain and suffering and punitive damages.

. . . .

During the last few months of Plaintiff's employment, she was subjected to various forms and degrees of discrimination and harassment by the Executive Director and other employees which continued until Plaintiff was discharged. The forms and degrees of discrimination and harassment that Plaintiff endured during the last months of employment and her discharge has caused Plaintiff to suffer emotional and physical stress. The conduct of Roy Tipps and other employees constituted an invasion of Plaintiff's privacy, infliction of emotional distress, and tortious interference with her contractual right of employment and benefits.

Plaintiff, upon information and belief, alleges that Mr. Tipps discharged her unfairly. . . .

[Defendants'] acts including, but not limited to, those referenced above are in violation of *T.C.A. § 4–21–101 et seq.* Furthermore, Defendants' acts and omissions constitute an invasion of Plaintiff's privacy and the intentional infliction of emotional distress. Additionally, the action of Defendants constitutes a tortious interference with the contractual rights by and between Plaintiff and the Defendants.

As specific acts of wrongdoing, the complaint alleges that the executive director's decision to terminate Johnson was in "violation of the Personnel policies and Procedures of [SCHRA]"; based upon erroneous findings by the program director; "not supported by material evidence"; and "arbitrary, capricious and unreasonable." It also asserts that Johnson was terminated without notice or sufficient allegation of wrongdoing. Johnson sought, *inter alia,* reinstatement with back pay.

In response, the appellees filed separate motions to dismiss pursuant to Rule 12.02(6) T.R.C.P. Based upon the pleadings, the trial court granted the motions, concluding that the complaint failed to allege facts sufficient to support any of the causes of action for which Johnson sought recovery.

The appellant raises two issues on appeal:

1. The Court erred in granting [Defendants'] Motion for Summary Judgment[1] as to intentional infliction of emotional distress (i.e. "outrageous conduct").

2. The Court erred in granting [Defendants'] Motion for Summary Judgment as to Plaintiff's Cause of Action pursuant to *T.C.A. § 4–21–401.*

■ We first address a jurisdictional matter alluded to by the appellees in their brief. The appellees argue that they are afforded complete immunity from the claim of intentional infliction of emotional distress (outrageous conduct) by T.C.A. § 29–20–205(2) of the Governmental Tort Liability Act (GTLA). This section retains immunity for those covered under the GTLA for acts or omissions constituting the infliction of mental anguish. If the GTLA is applicable, we note that pursuant to § 29–20–307, the circuit court is granted exclusive jurisdiction and we would be forced to conclude that the chancery court was without jurisdiction.

T.C.A. § 29–20–103(b) provides that the GTLA applies to "all governmental entities as defined herein, . . . ." T.C.A. § 29–20–102(3) states:

*"Governmental entity" means* any political subdivision of the state of Tennessee including, but not limited to, any municipality, metropolitan government, county, utility district, school district, nonprofit volunteer fire departments receiving funds appropriated by a county legislative body or a legislative body of a municipality, *human resource agency and development district duly created and existing pursuant to the constitution and law of Tennessee,* or any instrumentality of government created by any one (1) or more of the herein named local governmental entities or by an act of the general assembly; (emphasis added).

We are persuaded that the GTLA is indeed applicable to SCHRA. As such, T.C.A. § 29–20–205(2) immunizes SCHRA from suits for "intentional infliction of emotional

1. The trial court granted Defendants' motion to    dismiss.

distress." [2] Thus, the chancery court lacked jurisdiction and was correct in dismissing SCHRA.

As to the second issue, T.C.A. § 4–21–311, the Tennessee Human Rights Act (THRA), provides that any person injured by any act in violation of the provisions of this chapter shall have a civil cause of action in chancery court. This Court has previously held that the clear language from the THRA evinces an unmistakable legislative intent to remove whatever immunity a governmental entity may have under the Governmental Tort Liability Act and that the THRA removed the immunity of the sovereign as though the sovereign was a private citizen. *Eason v. Memphis Light, Gas & Water Div.*, 866 S.W.2d 952, 955 (Tenn.App.1993). Since the trial court dismissed for failure to state a cause of action, we turn now to the specifics of the complaint.

 Johnson alleges that she was subjected to "various forms and degrees of discrimination and harassment by the Executive Director and other employees" during the last months of her employ. T.C.A. § 4–21–701 creates a civil cause of action for "malicious harassment." [3] We do not find Appellant's complaint to set forth, with any degree of specificity, acts which would constitute "malicious" harassment. Johnson simply couches her claim of harassment in conclusory terms.

 Additionally, T.C.A. § 4–21–401, pertaining expressly to employment related discrimination, provides in subsection (a)(1):

It is a discriminatory practice for an employer to:

(1) Fail or refuse to hire or discharge any person or otherwise to discriminate against an individual with respect to compensation, terms, conditions or privileges of employment because of such individual's

*race, creed, color, religion, sex, age or national origin;* (Emphasis added.)

We conclude, as did the trial court, that the appellant has failed to allege any specific discriminatory acts or conduct on the basis of any of the factors set forth in the statute.

We conclude that SCHRA is immune from suit for intentional infliction of emotional distress under the GTLA. The complaint fails to state a cause of action against the remaining Defendants for intentional infliction of emotional distress and fails to state a cause of action against all the defendants for violation of the Tennessee Human Rights Act. The judgment of the trial court dismissing the complaint is affirmed and the costs on appeal are taxed to the appellant, for which execution may issue if necessary.

CRAWFORD, P.J., W.S., and TOMLIN, Special Judge, concur.

---

**2.** T.C.A. § 29–20–205(2) provides for the removal of immunity from suit, as to all governmental entities, for injury proximately caused by the negligence of any employee within the scope of his employment, unless the injury "[a]rises out of ... interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights;".

**3. Creation of civil action—Damages.—**(a) In addition to the criminal penalty provided in § 39–17–313 [repealed], there is hereby created a civil cause of action for malicious harassment.

(b) A person may be liable to the victim of malicious harassment for both special and general damages, including, but not limited to, damages for emotional distress, reasonable attorney's fees and costs, and punitive damages.