**Raymond HUNTER, Jr.,**
**Plaintiff–Appellant,**

v.

**CITY OF CHATTANOOGA; Chattanooga Police Department; Chattanooga Beer and Wrecker Board, Defendants–Appellees.**

No. 02–5534.

United States Court of Appeals, Sixth Circuit.

Oct. 31, 2002.

Before SILER and DAUGHTREY, Circuit Judges; and ALDRICH, District

Judge.*

## ORDER

Raymond Hunter, Jr., a Tennessee resident proceeding pro se, appeals the district court order dismissing his complaint construed as filed under 42 U.S.C. §§ 1983, 1985, and state law. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking one million dollars in damages, Hunter sued the City of Chattanooga, Tennessee (the City); the Chattanooga Police Department (CPD); and the Chattanooga Beer and Wrecker Board (Beer Board). Hunter, owner and operator of Boo Coe's Sports Bar and Grill (Boo Coe's), alleged that the defendants: (1) intentionally inflicted emotional distress; (2) used wrongful police tactics; (3) violated his civil rights by stopping him from making a living; and (4) conspired to discriminate against him by using fraudulent means to get his beer license revoked. After a period of discovery, the defendants moved for judgment on the pleadings and/or for summary judgment. Hunter filed a response and his own motion for summary judgment. The district court granted judgment to the defendants. The court dismissed the CPD and the Beer Board because Hunter sought damages only against the City, held that the City was immune from liability for intentional torts under Tennessee law, concluded that Hunter had not shown that the City had a policy of interfering with his business, and ruled that Hunter failed to allege the elements of a conspiracy claim under 42 U.S.C. § 1985.

In his timely appeal, Hunter reasserts his district court claims.

This court reviews an order granting summary judgment de novo. *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

Upon review, we affirm the district court's decision for the reasons stated by the district court. First, although Hunter named the CPD and the Beer Board as defendants in his complaint, in his response to the defendants' motion Hunter emphasized that he only sought damages from the City. Thus, the district court properly dismissed the CPD and the Beer Board.

Second, the district court properly held that the City was immune from Hunter's state law claims. Under the Tennessee Governmental Tort Liability Act, governmental entities like municipalities and metropolitan governments are immune from claims alleging interference with contract rights, infliction of mental anguish, and violation of civil rights. Tenn.Code Ann. § 29–20–205(2); *see also Johnson v. S. Cent. Human Res. Agency*, 926 S.W.2d 951, 952–53 (Tenn.Ct.App.1996); *Lockhart v. Jackson–Madison County Gen. Hosp.*, 793 S.W.2d 943, 945–46 (Tenn.Ct.App. 1990). Hunter alleged that the defendants intentionally inflicted emotional distress and deprived him of his right to make a living. The City is immune from these

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

claims because they fall within Tenn.Code Ann. § 29–20–205(2).

Third, the district court properly held that the City could not be held liable under 42 U.S.C. § 1983. A governmental entity cannot be held responsible under § 1983 for injuries inflicted by its employees or agents merely because it employs the wrongdoer. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir.1997). The plaintiff must plead and prove an injury caused by an action taken "pursuant to official municipal policy of some nature." *Monell*, 436 U.S. at 691. In this case, Hunter sued the City over the actions of CPD officers and the Beer Board because he believed that they wanted to make him lose his beer license and go out of business. Although Hunter identified specific incidents involving police officers and the Beer Board, he did not identify any official City policy aimed at ruining his livelihood. Accordingly, he had no § 1983 claim against the City.

Finally, the district court properly held that Hunter failed to plead the elements of a 42 U.S.C. § 1985 claim. To maintain a cause of action under § 1985(3), a plaintiff must establish a conspiracy motivated by a class-based animus, such as race. *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir.1994). Hunter alleged that individuals employed by the City conspired against him, but he did not claim that the conspiracy was based on race. Thus, he has no § 1985 claim.

The district court properly granted the defendants' motion for summary judgment because there is no genuine issue as to any material fact and the defendants were entitled to a judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). For the foregoing rea-

sons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.