IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 3, 2017

## MARDOCHE OLIVIER v. CITY OF CLARKSVILLE ET AL.

Appeal from the Circuit Court for Montgomery County
No. 16CV1636     Ross H. Hicks, Judge

_____

### No. M2016-02473-COA-R3-CV

_____

This action arises out of an alleged violation of the plaintiff's civil rights by the City of Clarksville ("the City") and a group of police officers employed by the City ("the Officers") (collectively, "Defendants"). The plaintiff was arrested on June 1, 2015, for driving on a revoked or suspended license, *see* Tenn. Code Ann. § 55-50-504 (2012), and making a 911 telephone call in a nonemergency situation, *see* Tenn. Code Ann. § 7-86-316 (2015). The plaintiff filed a complaint on August 11, 2016, alleging that as a result of his arrest, the Officers caused him to suffer damages from false imprisonment, malicious prosecution, malicious harassment, outrageous conduct, intentional infliction of emotional distress, conversion, and inverse condemnation. The plaintiff also alleged violations of his civil rights pursuant to 42 U.S.C. § 1983. Defendants filed a motion to dismiss on October 5, 2016, asserting, *inter alia*, that the plaintiff's claims were statutorily barred due to the immunity granted to Defendants by the Tennessee Governmental Tort Liability Act ("GTLA"). *See* Tenn. Code Ann. § 29-20-205 (2012). The trial court entered a final order regarding Defendants' motion to dismiss on November 17, 2016, granting the motion and dismissing all claims. The plaintiff has appealed. Discerning no error, we affirm the trial court's dismissal of the plaintiff's claims.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which RICHARD H. DINKINS, J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Mardoche Olivier, Clarksville, Tennessee, Pro Se.

D. Mark Nolan and Kathryn W. Olita, Clarksville, Tennessee, for the appellees, City of Clarksville, Keith Jones, David Odell, Crystal Robinson, J.T. Knoblock, Ron Knight, and Dave Keenom.

## OPINION

### I. Factual and Procedural History

The appellant, Mardoche Olivier, was arrested on June 1, 2015, for driving on a revoked or suspended license and making a 911 call in a nonemergency situation. In his complaint, Mr. Olivier averred that on that date, the Officers initiated a traffic stop against another driver, "Ms. Mines," who was in the process of following Mr. Olivier to his residence in a separate automobile. Mr. Olivier stated that while driving ahead of Ms. Mines, he looked back to discover that the Officers had directed Ms. Mines to pull over in a parking lot. Mr. Olivier reportedly drove into the parking lot, parked his vehicle, and exited. Mr. Olivier claimed that the Officers, having been told by Ms. Mines that Mr. Olivier was picking her up, approached him and asked to see his driver's license. According to Mr. Olivier, he "informed the [Officers] that he did not want anything to do with them and [he] notified [the Officers] that this contact was not consensual and demanded [the Officers] le[ave] him alone." Mr. Olivier then phoned 911 "for assistance with the [Officers]" and was subsequently arrested.

Mr. Olivier filed his complaint on August 11, 2016, in the Montgomery County Circuit Court ("trial court"). Mr. Olivier alleged that as a result of his arrest, Defendants caused him to suffer damages from false imprisonment, malicious prosecution, malicious harassment, outrageous conduct and/or intentional infliction of emotional distress, conversion, inverse condemnation, and various civil rights violations pursuant to 42 U.S.C. § 1983.

During the course of the litigation, Mr. Olivier filed a motion for default judgment on September 29, 2016. The City responded to this motion on October 3, 2016, asserting that due to the City's standing as a governmental entity, the City had sixty days to file a responsive pleading pursuant to the GTLA and such time period had yet to elapse. *See* Tenn. Code Ann. § 29-20-304 (2012). Subsequently, Defendants filed a motion on October 5, 2016, seeking dismissal of Mr. Olivier's claims. Defendants delineated three separate bases warranting dismissal: (1) Defendants were immune from suit pursuant to the GTLA; (2) the tort claims that Mr. Olivier asserted were subject to the operation of a one-year statute of limitations, which had already elapsed; and (3) Mr. Olivier failed to allege essential elements of his claims. On October 6, 2016, the trial court entered an order denying Mr. Olivier's motion seeking a default judgment.

2

Mr. Olivier subsequently filed another motion for default judgment on October 17, 2016, claiming that Defendants had failed to timely answer the complaint. The City filed a response to the motion on October 19, 2016, referencing its previously filed motion to dismiss. The trial court denied Mr. Olivier's second motion for default judgment on November 15, 2016, determining that Defendants had filed a proper responsive pleading within the time allowed. Meanwhile, on October 7, 2016, Mr. Olivier had filed a motion seeking to amend his complaint. The City opposed such amendment, stating that the proposed changes were futile.

The trial court conducted a hearing regarding Defendants' motion to dismiss on November 15, 2016. On November 17, 2016, the trial court issued its order, which stated in pertinent part:

1.      First, the Plaintiff failed to comply with Tennessee Rule of Procedure 8.01, which provides the Complaint shall contain a short and plain statement of the claim showing the Plaintiff is entitled to relief.

2.      Second, the Defendant City of Clarksville is immune from suit under Tennessee's Governmental Tort Liability Act, pursuant to the plain language of T.C.A. § 29-20-205, which specifies specific torts from which municipalities are *per se* immune, and the Plaintiff's failure to allege a policy practice or custom which caused his alleged harm.

3.      Third, the Plaintiff failed to allege essential elements of his claims. Specifically, the Plaintiff failed to allege essential elements of his claims of malicious prosecution, malicious harassment, inverse condemnation, conversion, intentional infliction of emotional distress, and 42 U.S.C. § 1983 constitutional claims.

4.      Fourth, a number of the torts alleged by the Plaintiff, namely false imprisonment, intentional infliction of emotional distress, and civil rights violations, have a statute of limitations period of one year. As the Plaintiff's cause of action accrued on June 1, 2015, at the time of his arrest, and the Plaintiff filed the Complaint in this action on August 11, 2016, the claims are dismissed as untimely.

5.      Further, to the extent the Plaintiff sought claims against any person in an individual capacity, this Court dismisses all such claims for failure to adequately serve such individuals with process, or to allege specific facts against them to state a claim.

3

The trial court accordingly dismissed each of Mr. Olivier's claims. On the same date, the trial court entered an order denying Mr. Olivier's motion to amend his complaint. Mr. Olivier timely appealed.

## II. Issues Presented

Mr. Olivier presents nine issues for our review, some of which are duplicative or unclear. We have determined the dispositive issues raised to be:

1. Whether the trial court erred by dismissing Mr. Olivier's claims against the Officers in their individual capacities because the Officers had not been served with process.

2. Whether the trial court erred by determining that Defendants were immune from suit pursuant to Tennessee Code Annotated § 29-20-205 of the GTLA.

3. Whether the trial court erred by determining that Mr. Olivier's claims were untimely filed based on the applicable one-year statute of limitations.

4. Whether the trial court erred by dismissing Mr. Olivier's complaint for failure to allege essential elements of his claims.

5. Whether the trial court erred by denying Mr. Olivier's motions for default judgment.

## III. Standard of Review

When reviewing the trial court's dismissal of a complaint pursuant to Tennessee Rule of Civil Procedure 12, we must consider only the legal sufficiency of the complaint. *See Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). As our Supreme Court has explained:

A Rule 12.02(6) motion to dismiss only seeks to determine whether the pleadings state a claim upon which relief can be granted. Such a motion challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof, and, therefore, matters outside the pleadings should not be considered in deciding whether to grant the motion. In reviewing a motion to dismiss, the appellate court must construe the complaint liberally,

4

presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. It is well-settled that a complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. Great specificity in the pleadings is ordinarily not required to survive a motion to dismiss; it is enough that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *White v. Revco Disc. Drug Ctrs., Inc.*, 33 S.W.3d 713, 718 (Tenn. 2000) (citing Tenn. R. Civ. P. 8.01).

*Id.* (additional internal citations omitted).

In reviewing pleadings, we "must give effect to the substance, rather than the form or terminology of a pleading." *Stewart v. Schofield*, 368 S.W.3d 457, 463 (Tenn. 2012) (citing *Abshure v. Methodist Healthcare-Memphis Hosp.*, 325 S.W.3d 98, 104 (Tenn. 2010)). We note also that pleadings "prepared by pro se litigants untrained in the law should be measured by less stringent standards than those applied to pleadings prepared by lawyers." *Stewart*, 368 S.W.3d at 462 (citing *Carter v. Bell*, 279 S.W.3d 560, 568 (Tenn. 2009); *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003); *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003)). Parties proceeding without benefit of counsel are "entitled to fair and equal treatment by the courts," but we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *See Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

We review a trial court's denial of a motion for default judgment under an abuse of discretion standard. *See Perry v. All Unknown Parties Having Any Interest In Prop. Known as Mathis Cemetery Located On Lot 10 Oak Woods, Medina, Tenn.*, No. W2010-00822-COA-R3-CV, 2010 WL 5541081, at *3 (Tenn. Ct. App. Dec. 28, 2010) (citing *Logan v. Civil Serv. Comm'n of City of Memphis*, No. W2007-00324-COA-R3-CV, 2008 WL 715226, at *10 (Tenn. Ct. App. Mar. 18, 2008)). Our Supreme Court has elaborated on this standard as follows:

An abuse of discretion occurs when a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision. *State v. Lewis,* 235 S.W.3d 136, 141 (Tenn. 2007). A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence. *State v. Ostein,* 293 S.W.3d 519, 526 (Tenn. 2009); *Konvalinka v.*

5

*Chattanooga-Hamilton County Hosp. Auth.,* 249 S.W.3d at 358; *Doe 1 ex rel. Doe 1 v. Roman Catholic Diocese of Nashville,* 154 S.W.3d [22,] 42 [(Tenn. 2005)].

> To avoid result-oriented decisions or seemingly irreconcilable precedents, reviewing courts should review a lower court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the lower court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the lower court's decision was within the range of acceptable alternative dispositions.

*Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524-25 (Tenn. 2010).

## IV. Claims Against Officers Individually

Mr. Olivier asserts that the Officers should have been required to file individual answers to his claims. The trial court, however, dismissed any individual claims against the Officers on the basis that none of the Officers had been personally served with process. As provided by Tennessee Rule of Civil Procedure 4.04, "The plaintiff shall furnish the person making the service with such copies of the summons and complaint as are necessary." Furthermore, service upon an individual is accomplished "by delivering a copy of the summons and of the complaint to the individual personally" or by mailing a certified copy of the summons and a copy of the complaint by registered or certified mail to the defendant. *See id.* Mr. Olivier has provided no documentation in the record to demonstrate that proper service was accomplished upon the individual Officers in the manner provided in Rule 4.04. Accordingly, we must affirm the trial court's dismissal of any claims against the Officers in their individual capacities. *See Farley v. Farley*, No. M2014-00814-COA-R3-CV, 2015 WL 444831, at *2 (Tenn. Ct. App. Feb. 2, 2015) ("It is well-settled that it is the appellant's duty to prepare a record for our review that includes everything contained in the trial court record that is necessary for our examination of the issues presented on appeal."); *see also Turner v. Turner*, 473 S.W.3d 257, 271 (Tenn. 2015) (explaining that a court obtains personal jurisdiction over a defendant by proper service of process and a "court 'without personal jurisdiction of the defendant' is wholly 'without power to proceed to an adjudication' binding on that defendant, regardless of the specific reason such jurisdiction is lacking.").

## V. Governmental Tort Liability Act

The GTLA, codified at Tennessee Code Annotated §§ 29-20-201, *et seq.*, governs claims against counties, municipalities, and other local governmental agencies. *See*

*Hawks v. City of Westmoreland*, 960 S.W.2d 10, 14 (Tenn. 1997). As our Supreme Court explained regarding the GTLA in *Young v. City of LaFollette*, 479 S.W.3d 785, 790 (Tenn. 2015):

> [T]he Legislature enacted the GTLA, which reaffirmed generally the grant of sovereign immunity provided at common law and in the Tennessee Constitution by stating that "all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary." Tenn. Code Ann. § 29-20-201(a). However, in addition to reaffirming the general grant of immunity, the GTLA also enumerates certain statutory exceptions where governmental immunity is specifically removed. *Id.* § 29-20-202 [through -205] . . . . Furthermore, the GTLA also lists specific types of claims for which immunity is not removed. *Id.* § 29-20-205(2) (immunity not removed for "[f]alse imprisonment . . ., false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights") . . . .

*Id.* (additional internal citations omitted).

> Tennessee Code Annotated § 29-20-205 states in pertinent part:

> Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment <u>except</u> if the injury arises out of:

> * * *

> (2) False imprisonment pursuant to a mittimus from a court, <u>false arrest</u>, <u>malicious prosecution</u>, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, <u>infliction of mental anguish</u>, invasion of right of privacy, or <u>civil rights</u>;[1]

---

[1] In *Johnson v. City of Memphis*, 617 F.3d 864, 872 (6th Cir. 2010), the Sixth Circuit Court of Appeals noted that claims subject to the "civil rights" exception in the GTLA include claims brought under the United States Constitution and 42 § U.S.C. 1983. "Th[e] reference to 'civil rights' [in the GTLA] has been interpreted to include claims arising under the U.S. Constitution and 42 U.S.C. § 1983." *Partee v. City of Memphis*, 449 F. App'x. 444, 448, 2011 WL 5865443, at *4 (6th Cir. 2011) (citing *Johnson*, 617 F.3d at 872). Decisions from federal courts, although not controlling authority, can be persuasive authority for this Court. *See, e.g., Riggs v. Burson*, 941 S.W.2d 44, 51 (Tenn. 1997).

(Emphasis added).

In a case factually similar to the one at bar, *Crowe v. Bradley Equip. Rentals & Sales, Inc.*, No. E2008-02744-COA-R3-CV, 2010 WL 1241550, at *4 (Tenn. Ct. App. Mar. 31, 2010), this Court stated:

> [The plaintiff] alleged multiple causes of action against [a defendant detective and the City of Cleveland] including false arrest; false imprisonment; malicious prosecution; abuse of process; outrageous conduct; and violation of Article I, Section 18 of the Tennessee Constitution.
>
> However, as a threshold matter, we will consider whether the trial court properly dismissed [the plaintiff's] claims against Detective Smith and the City of Cleveland pursuant to the Tennessee Government Tort Liability Act ("GTLA"), Tenn. Code Ann. § 29-20-101 *et seq.* GTLA removes the immunity of governmental entities for the negligent acts and omissions of employees acting within the scope of their employment *except* if the alleged injury arises out of false imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, abuse of process, or, infliction of mental anguish. *See* Tenn. Code Ann. § 29-20-205(2) (2000). Under GTLA, municipalities also retain immunity for "the institution or prosecution of any judicial or administrative proceeding, even if malicious or without probable cause[.]" *See* Tenn. Code Ann. § 29-20-205(5) (2000). [The plaintiff] alleged a claim of outrageous conduct, which is the equivalent to a claim for intentional infliction of emotional distress. *Bain v. Wells,* 936 S.W.2d 618, 622 n.3 (Tenn. 1997) (citing *Moorhead v. J.C. Penny Co., Inc.,* 555 S.W.2d 713, 717 (Tenn. 1977)). Thus, GTLA "immunizes [governmental entities] from suits for 'intentional infliction of emotional distress.'" *Johnson v. South Cent. Human Res. Agency,* 926 S.W.2d 951, 952-53 (Tenn. Ct. App. 1996).
>
> As the trial court noted, [the plaintiff] only brought this suit against Detective Smith in his official capacity. "When a suit is brought against a police officer in his official capacity, it is actually a suit against the government entity." *Parks v. City of Chattanooga,* No. 1:02-CV116, 2003 WL 23717092, at *7 (E.D. Tenn. Dec. 15, 2003). Therefore, in circumstances where GTLA immunizes a governmental entity, it follows that an officer is also immune when sued in his official capacity. *See Baines v. Wilson Co.,* 86 S.W.3d 575, 579-80 (Tenn. Ct. App. 2002).

Accordingly, [the plaintiff] cannot prevail on his claims of false imprisonment, false arrest, malicious prosecution, abuse of process, and outrageous conduct against Detective Smith and the City of Cleveland because they are immune pursuant to GTLA. *See Limbaugh v. Coffee Med. Ctr.,* 59 S.W.3d 73, 84 (Tenn. 2001). We find that summary judgment in favor of Detective Smith and the City of Cleveland was appropriate and affirm the trial court's dismissal of these claims.

(Footnotes omitted.)

Similarly, in this case, Mr. Olivier's claims of malicious prosecution, intentional infliction of emotional distress or outrageous conduct, and civil rights violations[2] were properly dismissed pursuant to the immunity afforded to Defendants by the GTLA. *See* Tenn. Code Ann. § 29-20-205(2). The City is a governmental entity, and the Officers were sued regarding actions that took place when they were acting in their official capacities. *See Crowe,* 2010 WL 1241550, at *4. We therefore affirm the trial court's determination that Defendants were immune from the above-enumerated claims.

## VI. Statute of Limitations

The trial court also determined that a significant number of Mr. Olivier's claims were barred by operation of the applicable statute of limitations. The court elucidated in pertinent part:

[A] number of the torts alleged by the Plaintiff, namely false imprisonment, intentional infliction of emotional distress, and civil rights violations, have a statute of limitations period of one year. As the Plaintiff's cause of action accrued on June 1, 2015, at the time of his arrest, and the Plaintiff filed the Complaint in this action on August 11, 2016, the claims are dismissed as untimely.

We agree with the trial court's determination. A one-year statute of limitations is applicable to claims of intentional infliction of emotional distress or outrageous conduct, false imprisonment, malicious harassment, and civil rights violations. *See Leach v. Taylor*, 124 S.W.3d 87, 91 (Tenn. 2004); *Crowe*, 2010 WL 1241550, at *6 (citing Tenn. Code Ann. § 28-3-104(a)(1)); *Smith v. EZ Pawn Co.*, No. E2000-02741-COA-R3-CV, 2001 WL 984920, at *1 (Tenn. Ct. App. Aug. 28, 2001); *Gray v. 26th Judicial Drug Task*

---

[2] We further note that Mr. Olivier has not alleged that his purported civil rights violations were the result of any municipal policy, practice, or custom. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978).

*Force*, No. 02A01-9609-CV-00218, 1997 WL 379141, at \*2 (Tenn. Ct. App. July 8, 1997). The applicable statute provides in relevant part:

> (a)(1) Except as provided in subdivision (a)(2), the following actions shall be commenced within one (1) year after the cause of action accrued:
>
> > (A) Actions for libel, <u>injuries to the person</u>, <u>false imprisonment</u>, malicious prosecution, or breach of marriage promise;
> >
> > (B) Civil actions for compensatory or punitive damages, or both, brought under the <u>federal civil rights statutes</u> . . . .

Tenn. Code Ann. § 28-3-104(a)(1)(A)-(B) (Supp. 2016) (emphasis added). Furthermore, a cause of action accrues "when the injury on which the action is based is known or should have been discovered by a reasonable person." *See Gray*, 1997 WL 379141, at \*2 (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)). Therefore, the trial court properly determined that Mr. Olivier's claims accrued on June 1, 2015, more than one year prior to the filing of his complaint. We conclude that Mr. Olivier's claims of intentional infliction of emotional distress or outrageous conduct, false imprisonment, malicious harassment, and civil rights violations are barred by the applicable one-year statute of limitations.

## VII. Failure to Allege Essential Elements of Claims

The trial court dismissed Mr. Olivier's remaining claims of inverse condemnation and conversion because he failed to allege essential elements of each cause of action. We will address each claim in turn.

### A. Inverse Condemnation

Mr. Olivier averred a claim of inverse condemnation stemming from the alleged "physical taking of Mr. Olivier's property for public use" while the Officers "searched and seized his automobile." In *Windrow v. Middle Tenn. Elec. Membership Corp.*, 376 S.W.3d 733, 736-37 (Tenn. Ct. App. 2012), this Court explained the law applicable to a claim for inverse condemnation:

> The Tennessee Constitution provides that "no man's particular services shall be demanded, or property taken, or applied to public use, without the consent of his representatives, or without just compensation being made therefor[e]." Tenn. Const. art. 1, § 21. This constitutional provision sets out the power of eminent domain, that is, the power of the

government to take privately-owned property, in particular land, and convert it to public use, subject to reasonable compensation to the property owner for the taking. *Edwards v. Hallsdale-Powell Util. Dist.,* 115 S.W.3d 461, 464 (Tenn. 2003) (citing *Jackson v. Metro. Knoxville Airport Auth.,* 922 S.W.2d 860, 861 (Tenn. 1996)); *see Black's Law Dictionary* 541 (7th ed. 1999) ("eminent domain"). Condemnation is the exercise of the power of eminent domain, that is, the act of assigning property to public use, subject to reasonable compensation. *Black's Law Dictionary* 287 (7th ed. 1999) ("inverse condemnation"). Inverse condemnation is an action by a property owner for compensation where there was a "taking" but no formal condemnation proceedings were filed. *Black's Law Dictionary* 287 (7th ed. 1999) ("inverse condemnation" under "condemnation"); *Edwards,* 115 S.W.3d at 464-65; *Jackson,* 922 S.W.2d at 861-62 (citing *Johnson v. City of Greeneville,* 222 Tenn. 260, 435 S.W.2d 476, 478 (1968)). Thus, condemnation is initiated by the taking authority, while an inverse condemnation proceeding is initiated by the landowner. *B & B Ent. of Wilson County v. Lebanon,* 318 S.W.3d 839, 846 n.6 (Tenn. 2010).

As this Court recently elucidated:

> To set forth a prima facie case for inverse condemnation, a plaintiff must allege the following elements: (1) "a direct and substantial interference with the beneficial use and enjoyment of the property at issue"; (2) "[t]he interference must be repeated and not just occasional"; and (3) "the interference must peculiarly affect the property at issue and result in a loss of market value."

*Peterson v. Putnam Cty.*, No. M2005-02222-COA-R3-CV, 2006 WL 3007516, at *4 (Tenn. Ct. App. Oct. 19, 2006) (quoting *Jackson v. Metro. Knoxville Airport Auth.,* 922 S.W.2d 860, 865 (Tenn. 1996)).

Tennessee Code Annotated § 29-16-123 (2012) sets forth the statutory scheme regarding an action for inverse condemnation, providing in pertinent part:

> If, however, such person or company has actually taken possession of such land, occupying it for the purposes of internal improvement, the owner of such land may petition for a jury of inquest, in which case the same proceedings may be had, as near as may be, as hereinbefore provided; or the owner may sue for damages in the ordinary way, in which case the jury shall lay off the land by metes and bounds and assess the damages, as upon the trial of an appeal from the return of a jury of inquest.

In the case at bar, Mr. Olivier has failed to allege essential elements of a claim of inverse condemnation. Mr. Olivier has merely alleged the "taking" of his automobile during the time when the Officers "searched and seized" it. Therefore, Mr. Olivier has alleged, at most, an occasional interference with personal property, resulting in no loss of market value. This is insufficient to establish an inverse condemnation claim.[3] *See* Tenn. Code Ann. § 29-16-123; *Peterson*, 2006 WL 3007516, at *4. We therefore affirm the trial court's determination that Mr. Olivier failed to allege essential elements of his inverse condemnation claim.

We further note that any claim for inverse condemnation is subject to the one-year statute of limitations contained in Tennessee Code Annotated § 29-16-124 (2012). As such, Mr. Olivier's inverse condemnation claim is also barred by its applicable statute of limitations.

### B. Conversion

Conversion is an intentional tort, requiring "the appropriation of tangible property to a party's own use in exclusion or defiance of the owner's rights." *PNC Multifamily Capital Inst. Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.*, 387 S.W.3d 525, 553 (Tenn. Ct. App. 2012). "[A] party seeking to make out a *prima facie* case of conversion must prove: (1) the appropriation of another's property to one's own use and benefit, (2) by the intentional exercise of dominion over it, (3) in defiance of the true owner's rights." *Id*. Furthermore, "[t]o state a cause for misappropriation or conversion, under Tennessee Rule of Civil Procedure 9.02, [the plaintiff] would need to plead all acts of misappropriation with particularity." *Id*.

In this action, Mr. Olivier failed to plead any element of conversion with particularity. Mr. Olivier pled that "defendants interfered with the plaintiff's possession by falsely arresting plaintiff restricting his freedom and rights to access his automobile without any legislative authority." Accordingly, Mr. Olivier failed to describe how Defendants appropriated his property for their use and benefit or how they exercised dominion over his property in defiance of his ownership rights. We therefore affirm the trial court's determination that Mr. Olivier failed to allege essential elements of his claim of conversion.

---

[3] As explained in *Windrow*, 376 S.W.3d at 736-37, a condemnation or eminent domain action is different than an action alleging inverse condemnation. *See* Tenn. Code Ann. § 29-16-101, -104 (2012) (eminent domain or condemnation action initiated by taking authority); Tenn. R. Civ. P. 71 (concerning eminent domain or condemnation); *c.f.* Tenn. Code Ann. § 29-16-123 (inverse condemnation action initiated by landowner).

## VIII. Motions for Default Judgment

Finally, Mr. Olivier contends that the trial court erred by denying his motions for default judgment. Mr. Olivier initially filed a motion for default judgment on September 29, 2016. The City responded to this motion on October 3, 2016, asserting that due to the City's standing as a governmental entity, the City had sixty days to respond pursuant to the GTLA and that such time period had yet to elapse. *See* Tenn. Code Ann. § 29-20-304. Two days following, the City filed a motion to dismiss in response to the complaint. On October 6, 2016, the trial court entered an order denying Mr. Olivier's motion for default judgment upon finding that the City was a governmental entity entitled to a sixty-day period to respond to the complaint and that that time had yet to expire when the motion for default judgment was filed.

Mr. Olivier subsequently filed another motion for default judgment on October 17, 2016, again claiming that Defendants had failed to timely answer the complaint. The City filed a response on October 19, 2016, referencing the motion to dismiss previously filed on October 5, 2016, within the allotted sixty-day period. The trial court entered an order on November 5, 2016, denying the motion for default judgment upon determining that the City had properly responded.

Applicable to this issue is Tennessee Code Annotated § 29-20-304, which provides:

(a) A governmental entity or employee shall have sixty (60) days in which to answer or otherwise respond to any claim, action, or suit brought pursuant to this chapter.

(b) A claim shall be deemed to have been denied if at the end of the sixty-day period the governmental entity . . . has failed to approve or deny the claim.

Furthermore, Tennessee Rule of Civil Procedure 55.01 provides that a default judgment may only be entered against "a party . . . [that] has failed to plead or otherwise defend as provided by these rules . . . ."

In this case, it is undisputed that Defendants filed a motion to dismiss within the appropriate sixty-day timeframe. This Court has previously held that "a defendant who files a motion to dismiss is 'otherwise defend[ing]' as provided by the rules for the purposes of forestalling a default judgment." *See First Union Nat'l Bank of Tenn. v. Abercrombie*, No. M2001-01379-COA-R3-CV, 2003 WL 22251347, at *3 (Tenn. Ct. App. Oct. 2, 2003); *see also Horton v. Tenn. Dep't of Corr.*, No. M1999-02798-COA-

13

R3-CV, 2002 WL 31126656, at *3 (Tenn. Ct. App. Sept. 26, 2002). Ergo, Defendants have not "failed to plead or otherwise defend" this action. The trial court did not abuse its discretion in denying Mr. Olivier's motions for default judgment.

## IX. Conclusion

For the foregoing reasons, we affirm the trial court's judgment in all respects. This case is remanded to the trial court for collection of costs assessed below. Costs on appeal are assessed to the appellant, Mardoche Olivier.

_____
THOMAS R. FRIERSON, II, JUDGE